1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**HAYES PAWLENKO LLP**
Matthew B. Hayes (SBN 220639)
Kye D. Pawlenko (SBN 221475)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Suite 2B
South Pasadena, CA 91030
Tel: (626) 808-4357
Fax: (626) 921-4932

Attorneys for Plaintiff
DEBORAH RODRIGUEZ

**GROOM LAW GROUP, CHARTERED**
Lars C. Golumbic, *pro hac vice*
Sarah M. Adams *pro hac vice*
Rosemary Loehr, *pro hac vice*
1701 Pennsylvania Avenue NW
Washington, DC 20006
P: (202) 857-0620
F: (202) 659-4503
lgolumbic@groom.com
sadams@groom.com
rloehr@groom.com

Attorney for Defendants
INTUIT INC.; THE EMPLOYEE
BENEFITS ADMINISTRATIVE
COMMITTEE OF THE INTUIT INC. 401
(K) PLAN

Additional attorneys listed on the following page.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| DEBORAH RODRIGUEZ, individually and as a representative of a class of participants and beneficiaries on behalf of the Intuit Inc. 401(k) Plan,<br><br>        Plaintiff,<br><br>    v.<br><br>INTUIT INC.; THE EMPLOYEE BENEFITS ADMINISTRATIVE COMMITTEE OF THE INTUIT INC. 401(K) PLAN; and DOES 1 to 10 inclusive,<br><br>        Defendants. | Case No. 5:23-cv-05053-PCP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  April 4, 2024<br>Time:  1:00 p.m.<br>Courtroom:  8 |

Dylan D. Rudolph, Bar No. 278707
drudolph@truckerhuss.com
TRUCKER HUSS, APC
135 Main Street, 9th Floor
San Francisco, CA 94105
P: (415) 788-3111
F: (415) 421-2017

Lindsey Barnhart, Bar No. 294995
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
P: (650) 632-4700
F: (650) 632-4800
lbarnhart@cov.com

Robert Newman, *pro hac vice*
COVINGTON & BURLING LLP
850 10th Street, NW
Washington, DC 20001
P: (202) 662-5125
F: (202) 778-5125
rnewman@cov.com

William O'Neil, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
P: (212) 841-1103
F: (646) 441-9103
woneil@cov.com

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff Deborah Rodriguez ("Plaintiff") and Defendants Intuit Inc. ("Intuit") and the Employee Benefits Administrative Committee of the Intuit Inc. 401(k) Plan ("Committee") (collectively, the "Defendants," and, with Plaintiff, the "Parties"), through their undersigned counsel, hereby submit this Joint Case Management Statement in advance of the Case Management Conference scheduled for April 4, 2024.

1.    Jurisdiction and Service

This Court has original federal question jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 because her claims arise under the laws of the United States. Specifically, Plaintiff alleges that Intuit violated the Employee Retirement Income Security Act ("ERISA") and seeks relief under 29 U.S.C. §§ 1132(a)(2) and (3) for which federal district courts have exclusive jurisdiction under 29 U.S.C. § 1132(e)(1). Intuit has not asserted any counterclaims.  All parties have been served.  At this time, the parties have not identified any issues regarding personal jurisdiction or venue.

2.    Facts

Plaintiff is a participant in the Intuit Inc. 401(k) Plan ("Plan").  When participants in the Plan separate from service with Intuit before fully vesting in the employer contributions made to the Plan on their behalf, they forfeit their right to some or all of the contributions (called "forfeitures").  Plaintiff alleges that Defendants violated ERISA when they reallocated the forfeitures in the Plan to offset Intuit's own future contribution obligations instead of defraying plan expenses borne by participants.  Defendants believe that forfeitures were properly allocated to provide benefits that were due to participants under the terms of the Plan. Defendants intend to demonstrate that Intuit's decision regarding how much to contribute to the Plan was a settlor one, and that a fiduciary has no duty to divert the assets available for benefits to instead pay expenses in an effort to create a shortfall and try to compel an employer to contribute additional amounts.

1

**JOINT CASE MANAGEMENT STATEMENT**

3. <u>Legal Issues</u>

(1) Whether Intuit was acting in a fiduciary or settlor capacity when undertaking the actions challenged by Plaintiff.

(2) Whether a plan fiduciary had discretion to apply forfeitures to pay expenses rather than allocate them toward matching contributions due to participants under the terms of the Plan.

(3) Whether Intuit's application of forfeitures toward matching contributions due to participants rather than toward the Plan's expenses constituted a breach of fiduciary duties.

(4) Whether a loss of future contributions to a plan constitutes a cognizable injury in support of a breach of fiduciary duty claim.

(5) Whether Intuit's application of forfeitures toward matching contributions due to Plan participants violated ERISA's anti-inurement provision.

(6) Whether Intuit's application of forfeitures toward matching contributions due to Plan participants violated ERISA's prohibited transaction provisions.

(7) Whether any of Plaintiff's claims are triable to a jury.

4. <u>Motions</u>

Defendants have filed a motion to dismiss that is currently pending. After taking discovery, Plaintiff anticipates filing a motion for class certification and a motion for summary judgment. Defendants may oppose class certification and currently anticipate filing a motion for summary judgment. Defendants anticipate filing a motion to strike the jury demand.

5. <u>Amendment of Pleadings</u>

Depending on how the Court rules on the pending motion to dismiss, Plaintiff may seek leave to file an amended complaint. The Parties propose that the Court set a deadline to amend the pleadings of 90 days following the Court's ruling on the pending motion to dismiss.

/ / /

**JOINT CASE MANAGEMENT STATEMENT**

6.     Evidence Preservation

Counsel for the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7.     Disclosures

The Parties had their Fed. R. Civ. P. 26(f) conference on March 12, 2024 and have agreed to exchange initial disclosures no later than March 26, 2024.

8.     Discovery

The Parties have not taken any discovery to date because there is a motion to dismiss pending.  After the Court rules on that motion, Plaintiff anticipates taking class certification and merits discovery.  Plaintiff believes that it would be most efficient to postpone damage and expert discovery until after the Court has ruled on class certification.  Defendants agree that, in light of the novelty of the issues presented, discovery should begin only after a ruling on the motion to dismiss. Defendants disagree that discovery should be phased, as damages discovery often overlaps with merits discovery in ERISA cases, and expert analysis often aids the Court in resolving disputes regarding class certification.  Plaintiffs do not believe that a stipulated e-discovery order will be necessary.  Defendants prefer to negotiate a stipulated order addressing e-discovery and the treatment of confidential materials. There are no current discovery disputes.

9.     Class Actions

Plaintiff brings her claims as a putative class action pursuant to Fed. R. Civ. P. 23(a), (b)(1), and/or (b)(3) seeking to represent all participants and beneficiaries of the Plan from January 1, 2018 through December 31, 2021, excluding Defendants and members of the Committee of the Intuit Plan.  Plaintiff believes she is entitled to maintain her claims under Fed. R. Civ. P. 23(a) and (b) for the following reasons:

- The putative class includes over 10,000 members and is so large that joinder of all its members is impracticable;

- There are questions of law and fact common to the putative class because Defendants owed fiduciary duties to the Plan and to all participants and beneficiaries and took the actions alleged by Plaintiff as to the Plan and not as to any individual participant;

- Plaintiff's claims are typical of the claims of the putative class because Plaintiff was a participant of the Plan during the class period and Plaintiff alleges that the Plan and its participants were harmed by the same alleged misconduct by Defendants;

- Plaintiff is an adequate representative of the class because she was a participant of the plan during the class period, has no interests that conflict with any other members of the class, is committed to the vigorous representation of the class, and has engaged experienced and competent attorneys to represent the class;

- Prosecution of separate actions for the alleged breaches of fiduciary duties and prohibited transactions by individual participants and beneficiaries would create the risk of (A) inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their discharge of their fiduciary duties to the Plan and personal liability to the Plan under 29 U.S.C. § 1109(a), and (B) adjudications by individual participants and beneficiaries regarding the alleged breaches of fiduciary duties, prohibited transactions, and remedies for the Plan would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests.

4

Plaintiff anticipates being in a position to file her motion for class certification this Fall and requests that the Court set an October 18, 2024 deadline for Plaintiff to move for class certification.  Defendants anticipate that discovery may reveal that Plaintiff is unable to satisfy each of the requirements for class certification and therefore may oppose Plaintiff's motion for class certification.  Counsel for the Parties have reviewed the Northern District Court's Procedural Guidance for Class Action Settlements.

10.    Related Cases

The Parties are not aware of any related cases.

11.    Relief

On behalf of the Plan, Plaintiff seeks to recover the amount of forfeitures used to reduce Intuit's contributions during the putative class period, currently estimated to be approximately $15 million, plus attorneys' fees and costs.  Plaintiff also seeks other equitable relief.  Defendants dispute that any relief is warranted.

12.    Settlement and ADR

Plaintiff is open to private mediation but believes a ruling on the motion to dismiss is necessary for any mediation to have a chance of success.  Defendants agree that mediation would not be productive until farther along in the case and are open to private mediation at the appropriate time.  The parties propose that the Court set a May 30, 2025 deadline to complete ADR.

13.    Other References

The Parties submit that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14.    Narrowing of Issues

The Parties believe that the Court may be able to narrow many of the issues for trial by way of motion.  Specifically, the most consequential issues that potentially could be resolved by motion include **(1) whether Intuit was acting as a fiduciary or plan settlor when deciding how to allocate forfeitures and (2)**

**whether plan assets inured to Intuit's benefit.** The Parties anticipate that these and potentially other issues could be resolved through motions for summary judgment.

    15.   Scheduling

    The Parties propose the following schedule:

- Initial Disclosures – March 26, 2024
- Deadline for Filing Motion for Class Certification – October 18, 2024
  - o Opposition to Class Certification – Nov. 15, 2024
  - o Reply in Support of Class Cert – Dec. 6, 2024
- Non-Expert Discovery Cutoff – January 17, 2025
- Initial Expert Reports – January 23, 2025
- Rebuttal Expert Reports – February 13, 2025
- Expert Discovery Cutoff – February 27, 2025
- Deadline for Summary Judgment Hearing Date – May 29, 2025
- ADR Deadline – May 30, 2025
- Final pretrial conference – September 2, 2025
- Trial – September 16, 2025

    16.   Trial

    Plaintiff presently intends to try this case to a jury. At this early juncture, Plaintiff estimates that trial will take 5-7 days, including jury selection. Defendants dispute that any of Plaintiff's claims are triable to a jury and intend to file a motion to strike the jury demand. Defendants estimate that the bench trial will take 5 days.

    17.   Disclosure of Non-party Interested Entities or Persons

    The Parties have filed the "Certification of Interested Entities or Persons" required by L.R. 3-15. As stated therein, other than the named parties, there is no such interest to report. No person or entity is funding the prosecution of any claim.

**JOINT CASE MANAGEMENT STATEMENT**

18.     <u>Professional Conduct</u>

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19.     <u>Other Matters</u>

The Parties have no other matters to report.

DATED:  March 21, 2024

**HAYES PAWLENKO LLP**
By: <u>/s/ Kye D. Pawlenko</u>
Kye D. Pawlenko (SBN 221475)
Matthew B. Hayes (SBN 220639)
mhayes@helpcounsel.com
kpawlenko@helpcounsel.com
1414 Fair Oaks Avenue, Suite 2B
South Pasadena, CA 91030
Tel: (626) 808-4357
Fax: (626) 921-4932

Attorneys for Plaintiff

**GROOM LAW GROUP**
By: <u>/s/ Sarah Adams</u>
 Lars C. Golumbic, *pro hac vice*
 Sarah M. Adams, *pro hac vice*
Rosemary Loehr, *pro hac vice*
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue NW
Washington, DC 20006
P: (202) 857-0620
F: (202) 659-4503
lgolumbic@groom.com
sadams@groom.com
rloehr@groom.com

Dylan D. Rudolph, Bar No. 278707
drudolph@truckerhuss.com
TRUCKER HUSS, APC
135 Main Street, 9th Floor
San Francisco, CA 94105
P: (415) 788-3111
F: (415) 421-2017

7

**JOINT CASE MANAGEMENT STATEMENT**

1

2

3

4

5

Lindsey Barnhart, Bar No. 294995
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
P: (650) 632-4700
F: (650) 632-4800
lbarnhart@cov.com

6

7

8

9

10

Robert Newman, *pro hac vice*
COVINGTON & BURLING LLP
850 10th Street, NW
Washington, DC 20001
P: (202) 662-5125
F: (202) 778-5125
rnewman@cov.com

11

12

13

14

15

William O'Neil, *pro hac vice*
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, NY 10018
P: (212) 841-1103
F: (646) 441-9103
woneil@cov.com

16

Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

8