# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH RODRIGUEZ,<br>individually and as a representative of<br>a class of participants and beneficiaries<br>on behalf of the Intuit Inc. 401(k) Plan,<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., *et al.*,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIV. NO.: 5:23-cv-05053-PCP<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Settlement Agreement") is entered into by and between Plaintiff Deborah Rodriguez, individually and as a representative of a class of participants and beneficiaries on behalf of the Intuit Inc. 401(k) Plan, and Defendants Intuit Inc. and The Employee Benefits Administrative Committee of the Intuit Inc. 401(k) Plan ("Defendants"), in consideration of the promises, covenants, and agreements herein described, and for other good and valuable consideration acknowledged by each of them to be satisfactory and adequate.

NOW, THEREFORE, without any admission or concession on the part of Defendants as to the merits of the allegations or claims asserted in the Class Action, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, to this Settlement Agreement, subject to approval of the Court under Federal Rule of Civil Procedure 23(e), in consideration of the benefits flowing to the Settling Parties from the Settlement Agreement, that all Released Claims as against the Released Parties shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions:

## 1.    ARTICLE 1 – DEFINITIONS

As used in this Settlement Agreement and the Exhibits hereto, unless otherwise defined, the following terms have the meanings specified below:

1.1    "Active Account" means an individual account in the Plan with a balance greater than $0.

1.2.    "Alternate Payee" means a Person other than a Current Participant or Beneficiary in the Plan who is entitled to a benefit under the Plan as a result of a QDRO.

1.3.    "Attorneys' Fees and Costs" means the amount awarded by the Court as compensation for the services provided by Class Counsel. Attorneys' Fees and Costs shall include all attorneys' fees, litigation costs, and expenses advanced and carried by Class Counsel for the duration of this Class Action and the pre-litigation investigation period as approved by the Court. The amount of Attorneys' Fees and Costs for Class Counsel shall be determined by the Court but in no event shall the amount awarded exceed 33 1/3% of the Gross Settlement Amount (a maximum amount of $665,000), which shall be payable from the Gross Settlement Amount if approved by the Court.

1.4.    "Authorized Administrator" means any entity, other than the Recordkeeper, with appropriate administrative authority under the Plan.

1.5.    "Beneficiary" means any individual, trust, estate, or other recipient entitled to receive death benefits payable under the Plan, on either a primary or contingent basis, other than an Alternate Payee.

1.6.    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

1.7.    "CAFA Notice" means notice of this proposed Settlement to the appropriate federal and state officials pursuant to CAFA, to be issued by Defendants, substantially in the form set forth in Exhibit E hereto.

1.8.    "Case Contribution Award" means the monetary amount awarded by the Court to the Class Representative, Plaintiff Deborah Rodriguez, in recognition of the Class Representative's assistance in the prosecution of this Class Action.  The amount of the Case Contribution Award shall be determined by the Court but in no event shall the amount awarded exceed $5,000, which shall be payable from the Gross Settlement Amount if approved by the Court.

1.9.    "Class Action" means *Rodriguez v. Intuit Inc., et al.*, 5:23-cv-05053 (N.D. Cal.).

1.10.    "Class Counsel" means Hayes Pawlenko LLP.

1.11.    "Class Members" means all individuals in the Settlement Class, including the Class Representative.

1.12.    "Class Period" means the period from January 1, 2018 through December 31, 2021.

1.13.    "Class Representative" means Plaintiff Deborah Rodriguez.

1.14.    "Committee" means The Employee Benefits Administrative Committee of the Intuit Inc. 401(k) Plan.

1.15.    "Complaint" means the Class Action Complaint and Demand for July Trial filed in this Class Action on October 2, 2023.

1.16.    "Court" means the United States District Court for the Northern District of California.

1.17.    "Current Participant" means a member of the Settlement Class who has an Active Account as of the date the Final Approval Order entered by the Court.

1.18.    "Defendants" means Intuit Inc., the Committee, and Does 1 to 10.

1.19.    "Defense Counsel" means Groom Law Group, Chartered and/or Covington & Burling LLP.

1.20.    "Escrow Account" means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to Class Counsel and Defendants at a depository institution insured by the Federal Deposit Insurance Corporation. The money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the Escrow Account shall inure to the benefit of the Settlement Class as part of the Settlement Payment, if practicable. The Settlement Administrator shall be solely responsible for all tax filings with respect to the Escrow Account.

1.21.    "ERISA" means the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq*.

1.22.    "Fairness Hearing" means the hearing scheduled by the Court to consider: (a) any objections by Class Members to the Settlement; (b) Class Counsel's petition for Attorneys' Fees and Costs and Class Representative's Case Contribution Award; and (c) whether to finally approve the Settlement under Fed. R. Civ. P. 23(e).  The Fairness Hearing may be conducted telephonically or by videoconference.

1.23.    "Final" means, with respect to any judicial ruling, order, or judgment, that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand.  The Settling Parties agree that, absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Final thirty (30) calendar days after its entry by the Court.

1.24.    "Final Approval Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of the Settlement Agreement, and dismissing the Class Action with prejudice, to be proposed by the Settling Parties for approval by the Court, in substantially the form attached as Exhibit D hereto.

1.25.    "Former Participant" means a member of the Settlement Class who does not have an Active Account as of the date the Final Approval Order entered by the Court.

1.26.    "Gross Settlement Amount" means the sum of one million, nine hundred ninety-five thousand dollars ($1,995,000.00) to be paid by Defendants to the Qualified Settlement Fund in accordance with Article 5.  The Gross Settlement Amount shall be the full and sole monetary

payment to the Settlement Class, Plaintiff, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Neither Defendants nor their insurer will make any additional payment in connection with the Settlement of the Class Action.

1.27. "Independent Fiduciary" means a qualified and independent third-party fiduciary appointed by Defendants on behalf of the Plan that will serve as an independent fiduciary to the Plan to approve and authorize the settlement of Released Claims on behalf of the Plan in accordance with Section 3.1.

1.28. "Independent Fiduciary Expense Payment" means the amount the Independent Fiduciary will be paid from the Gross Settlement Amount in connection with reviewing and opining upon the Settlement as set forth in Article 3 of the Settlement, which shall not exceed $25,000.

1.29. "Net Settlement Amount" means the Gross Settlement Amount minus: (a) all Attorneys' Fees and Costs paid to Class Counsel as authorized by the Court; (b) any Case Contribution Award as authorized by the Court; (c) the Settlement Administrator Payment; (d) the Recordkeeper Expense Payment; and (e) the Independent Fiduciary Expense Payment.

1.30. "Person" means an individual, partnership, corporation, governmental entity, or any other form of entity or organization.

1.31. "Plaintiff" means the Class Representative, Deborah Rodriguez, and each member of the Settlement Class.

1.32. "Plan" means the Intuit Inc. 401(k) Plan, and each of its predecessor plans or successor plans, individually and collectively, and any trust created under such plans.

1.33. "Plan of Allocation" means the method of allocating settlement funds to Class Members. A proposed form of the Plan of Allocation is attached hereto as Exhibit B.

1.34. "Preliminary Approval Order" means the order of the Court in substantially the form attached hereto as Exhibit C, whereby the Court preliminarily approves this Settlement.

1.35. "QDRO" means a Qualified Domestic Relations Order within the meaning of 26 U.S.C. § 414(p).

1.36. "Qualified Settlement Fund" means the Escrow Account to be established by the Settlement Administrator in accordance with Article 5 herein and referred to as the Qualified Settlement Fund (within the meaning of Treas. Reg. § 1.468B-1).

1.37. "Recordkeeper" means the entity that maintains electronic records of the Plan's participants and their individual accounts.

1.38. "Recordkeeper Expense Payment" means the amount the Recordkeeper will be paid from the Gross Settlement Amount to reimburse its reasonable fees and expenses in connection with gathering and providing to the Settlement Administrator the names and addresses of Class

Members and the information necessary to the Plan of Allocation, which shall not exceed $15,000.

1.39.  "Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action that were asserted in the Class Action or that could have been asserted based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint, whether accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act, including but not limited to:

    1.39.1. Claims that relate to (a) the use of forfeitures; (b) disclosures or failures to disclose information regarding the Plan's use of forfeitures; (c) the management, oversight, or administration of the Plan or its fiduciaries with respect to the use of forfeitures; or (d) alleged breach of the duty of loyalty, care, prudence, or any other fiduciary duties, prohibited transactions, anti-inurement, or any other violation of ERISA or any other law or regulation with respect to the use of forfeitures; or

    1.39.2. Claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or to any Class Member in accordance with the Plan of Allocation or the payment of any fee or expense in accordance with this Settlement Agreement; or

    1.39.3. Claims that relate to the approval by the Independent Fiduciary of the Settlement.  However, this Settlement Agreement does not preclude claims brought against the Independent Fiduciary alone for the work it performs under the Settlement Agreement.

    1.39.4. With respect to the "Released Claims" only, the Class Representative, Class Members, and the Plan expressly waive and relinquish, to the fullest extent permitted by law, any and all provisions, rights, and benefits conferred by **Section 1542 of the California Civil Code** (to the extent not preempted by ERISA), which provides:

    **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

    1.39.5. "Released Claims" does not include any claims that the Class Representative or the Settlement Class has to the value of their respective vested account balances under the written terms of the Plan and according to the Plan's records as of the date the Settlement becomes Final to the extent such claims do not relate to the issues raised in the Complaint (but, for the avoidance of doubt, such unreleased claims do not include a claim that an account balance should be made larger to remedy an ERISA violation based

on facts alleged in the Complaint). Additionally, Released Claims does not include wage, labor or employment claims unrelated to the Plan, including by way of example only, claims, arising under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, 42 U.S.C. § 1981, the Fair Labor Standards Act, the Family and Medical Leave Act, the National Labor Relations Act, the Sarbanes Oxley Act, the Dodd-Frank Wall Street Reform and Protection Act, state anti-discrimination and wage-payment laws, claims for wrongful termination under state common law and other state law claims of a similar nature to those set forth here.

1.40. "Released Parties" means (a) Defendants; (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors-In-Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and any successor plans; the Plan's current and past fiduciaries, committees, subcommittees, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers, and parties-in-interest; and (e) Defendants' independent contractors, Representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries, employee benefit plan administrators, employee benefit plan committees and subcommittees, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them. However, Released Parties does not include the Independent Fiduciary retained under Article 3 of this Settlement Agreement.

1.41. "Representatives" shall mean representatives, attorneys, agents, directors, officers, or employees.

1.42. "Review Proceeding" shall have the meaning set forth in Section 1.23, which defines a Review Proceeding to include any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like.

1.43. "Settlement" means the settlement to be consummated under this Settlement Agreement and its exhibits, including any modifications or amendments adopted pursuant to Section 15.14.

1.44. "Settlement Administrator" means Analytics Consulting, LLC, the entity selected by the Parties and to be appointed by the Court to administer the Settlement and Plan of Allocation.

1.45. "Settlement Administrator Payment" means the amount the Settlement Administrator will be paid from the Gross Settlement Amount, which shall not exceed $90,000, to reimburse its reasonable fees and expenses in connection with all of its duties and responsibilities in administering the Settlement, including, without limitation, providing notice of the Settlement

to the Class Members, conducting skip-tracing and other reasonable means of updating Class Member contact information, disseminating the CAFA Notice, setting up and administering the Qualified Settlement Fund, distributing payments from the Qualified Settlement Fund, and handling tax filings and payments with respect to earnings from the Qualified Settlement Fund.

1.46. "Settlement Agreement" means this agreement embodying the terms of the Settlement, including any modifications or amendments hereto.

1.47. "Settlement Agreement Execution Date" means the date on which the final signature is applied to this Settlement Agreement.

1.48. "Settlement Class" means all persons who participated in the Plan at any time during the Class Period and had Plan expenses charged to their accounts, excluding members of the Committee, including (a) any Beneficiary of a deceased Person who (i) participated in the Plan at any time during the Class Period and had Plan expenses charged to his or her account or (ii) participated in the Plan before the Class Period and whose beneficiary had an Account in the Plan during the Class Period and had Plan expenses charged to his or her account, and (b) any Alternate Payee of (i) a Person subject to a QDRO who participated in the Plan at any time during the Class Period and had Plan expenses charged to his or her account or (ii) a Person subject to a QDRO who participated in the Plan before the Class Period whose Alternate Payee had an Account in the Plan during the Class Period and had Plan expenses charged to his or her account.

1.49. "Settlement Effective Date" means the date on which the Final Approval Order is Final, provided that by such date the Settlement has not been terminated in accordance with Article 12.

1.50. "Settlement Notice" means the Notice of Class Action Settlement and Fairness Hearing to be sent to Class Members identified by the Settlement Administrator following the Court's issuance of the Preliminary Approval Order, in substantially the form attached hereto as Exhibit A.

1.51. "Settlement Website" means the internet website established in accordance with Article 14.2.

1.52. "Settling Parties" means the Defendants and the Class Representative, on behalf of herself, the Plan, and each of the Class Members.

1.53. "Successor-In-Interest" shall mean a Person or party's estate, legal representatives, heirs, successors or assigns, including successors or assigns that result from corporate mergers or other structural changes.

1.54. "Transferor" means Intuit Inc., as the "transferor" within the meaning of Treas. Reg. § 1.468B-1(d)(1).

## 2. ARTICLE 2 – MONETARY RELIEF TO PLAINTIFF AND SETTLEMENT CLASS

2.1. Subject to the Court's approval and the conditions specified herein, and in exchange

for the Release described in Article 8, Defendants agree to pay the Gross Settlement Amount of $1,995,000. The Gross Settlement Amount shall be the full and sole monetary payment to the Settlement Class, Plaintiffs, and Class Counsel made by or on behalf of Defendants in connection with the Settlement effectuated through this Settlement Agreement. Defendants' obligation to pay monetary relief shall not exceed the Gross Settlement Amount. For avoidance of any doubt, Defendants shall not be required to make any additional payment in connection with the Settlement of the Class Action.

2.1.1.   The Gross Settlement amount shall be contributed to the Qualified Settlement Fund in accordance with Article 5.

2.1.2.   Payment of any approved Attorneys' Fees and Costs, Case Contribution Awards to the Class Representative; Settlement Administrator Payment; Recordkeeper Expense Payment; Independent Fiduciary Expense Payment; and any taxes on earnings in the Qualified Settlement Fund will be paid from the Gross Settlement Amount pursuant to the provisions specified herein in the Settlement Agreement.

## 3.   ARTICLE 3 – REVIEW AND APPROVAL BY INDEPENDENT FIDUCIARY, PRELIMINARY SETTLEMENT APPROVAL, AND NOTICE TO THE CLASS

3.1.   <u>Independent Fiduciary</u>.   The Independent Fiduciary, retained by Intuit Inc. on behalf of the Plan, shall have the following responsibilities, including determining whether to approve and authorize the settlement of Released Claims on behalf of the Plan.

3.1.1.   The Independent Fiduciary shall comply with all relevant conditions set forth in Prohibited Transaction Class Exemption 2003-39, "Release of Claims and Extensions of Credit in Connection with Litigation," issued December 31, 2003, by the United States Department of Labor, 68 Fed. Reg. 75,632, as amended ("PTE 2003-39"), in making its determination.

3.1.2.   The Independent Fiduciary shall notify Defendants directly of its determination whether to approve and authorize the settlement of Released Claims on behalf of the Plan, in writing (with copies to Class Counsel and Defense Counsel), which notification shall be delivered no later than forty-five (45) calendar days before the Fairness Hearing.

3.1.3.   Defendants, Defense Counsel, and Class Counsel shall respond to reasonable requests by the Independent Fiduciary for information so that the Independent Fiduciary can review and evaluate the Settlement Agreement.

3.1.4.   If Defendants conclude that the Independent Fiduciary's determination does not comply with PTE 2003-39 or is otherwise deficient, Defendants shall so inform the Independent Fiduciary within ten (10) calendar days of receipt of the determination.

3.1.5.   A copy of the Independent Fiduciary's written determination shall be provided to Class Counsel, who may file it with the Court in support of Final approval of the Settlement.

3.2.    <u>Preliminary Approval</u>.  As soon as reasonably possible upon the full execution of this Settlement Agreement by the Settling Parties, the Class Representative, through Class Counsel, shall file with the Court a motion seeking preliminary approval of this Settlement Agreement and entry of the Preliminary Approval Order in substantially the form attached hereto as Exhibit C.  Defendants will not oppose this motion so long as it is consistent with the terms herein.

3.3.    <u>Settlement Administrator</u>.  Defendants and Defense Counsel shall use reasonable efforts to respond timely to written requests, including by e-mail, from the Settlement Administrator for readily accessible data that is reasonably necessary to determine the feasibility of administering the Plan of Allocation or to implement the Plan of Allocation.

3.3.1.   The Settlement Administrator must agree to be bound by the Stipulation and Discovery Confidentiality Order (ECF No. 63) and any further non-disclosure or security protocol required by the Settling Parties.

3.3.2.   The Settlement Administrator shall use the data provided by Defendants and the Plan's Recordkeeper solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.3.3.   At the request of the Settling Parties, the Settlement Administrator shall provide a written protocol addressing how the Settlement Administrator will maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

3.4.    <u>Settlement Notice</u>.  By the date and in the manner set by the Court in the Preliminary Approval Order, and unless otherwise set forth below, the Settlement Administrator shall cause to be sent to each Class Member identified by the Settlement Administrator a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit A or a form subsequently agreed to by the Settling Parties and approved by the Court.  The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-send such documents one additional time.

3.5.    <u>CAFA Notice</u>.  No later than ten (10) calendar days after the filing of the motion for preliminary approval of the Settlement, Defendants will cause the Settlement Administrator to serve the CAFA Notice in substantially the form attached as Exhibit E hereto on the Attorney General of the United States, the Secretary of the Department of Labor, and the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.  In the event that the Preliminary Approval Order provides for any modifications to the CAFA Notice, then Defendants will prepare and serve supplemental or amended CAFA Notice(s) as appropriate.

4.    **ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

4.1.    No later than thirty (30) calendar days before the Fairness Hearing but only after approval of the Settlement by the Independent Fiduciary, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order in substantially the form attached hereto as Exhibit D, which shall request approval by the Court of the terms of this

Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement.

## 5.    ARTICLE 5 – ESTABLISHMENT OF QUALIFIED SETTLEMENT FUND

5.1.    No later than ten (10) calendar days after the Preliminary Approval Order is issued, the Settlement Administrator shall establish the Qualified Settlement Fund.  The Settling Parties agree that the Qualified Settlement Fund is intended to be, and will be, an interest-bearing "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1.  In addition, the Settlement Administrator shall timely make such elections as necessary or advisable to carry out the provisions of this Section 5.1.  If applicable, the Settlement Administrator (as the "administrator" pursuant to Section 5.2) and the Transferor shall fully cooperate in filing the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) to treat the Qualified Settlement Fund as coming into existence as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1 as of the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Settlement Administrator to prepare and deliver, in a timely and proper manner, the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to be timely made.

5.2.    The "administrator" within the meaning of Treas. Reg. § 1.468B-2(k)(3) shall be the Settlement Administrator.  The Settlement Administrator shall timely and properly cause to be filed on behalf of the Qualified Settlement Fund all informational and other tax returns required to be filed in accordance with Treas. Reg. §§ 1.468B-2(k) and -2(l) with respect to the Gross Settlement Amount (including, without limitation, applying for a taxpayer identification number for the Qualified Settlement Fund pursuant to Internal Revenue Service Form SS-4 and in accordance with Treas. Reg. § 1.468B-2(k)(4)).  Such returns as well as any election described in Section 5.1 shall be consistent with this Article 5 and, in all events, shall reflect that all taxes (including any estimated taxes, interest, or penalties) on the income earned by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount as provided in Section 5.3.

5.3.    Taxes and tax expenses on earnings by the Qualified Settlement Fund shall be deducted and paid from the Gross Settlement Amount, including but not limited to: (a) all taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Qualified Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendants with respect to any income earned by the Qualified Settlement Fund for any period during which the Qualified Settlement Fund does not qualify as a "qualified settlement fund" within the meaning of Section 468B of the Code and Treas. Reg. § 1.468B-1; and (b) all tax expenses and costs incurred in connection with the operation and implementation of this Article 5 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this Article 5).  Such taxes and tax expenses shall be paid timely by the Settlement Administrator out of the Gross Settlement Amount without prior order from the Court.  The Settlement Administrator shall ensure compliance with withholding and reporting requirements in accordance with Treas. Reg. § 1.468B-2(l) and shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any Class Member any funds necessary to pay such amounts,

including the establishment of adequate reserves for any taxes and tax expenses; neither the Released Parties, Defense Counsel, nor Class Counsel are responsible nor shall they have any liability therefor. The Settling Parties agree to cooperate with the Settlement Administrator, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Article 5.

5.4.    Within twenty-one (21) calendar days after the later of (a) the date the Preliminary Approval Order is entered, or (b) the date the Qualified Settlement Fund is established and the Settlement Administrator (or Class Counsel) has furnished to Defendants and/or Defense Counsel in writing the Qualified Settlement Fund name, IRS W-9 Form, and all other necessary information, then the Transferor shall deposit forty thousand dollars ($40,000.00) into the Qualified Settlement Fund via check as the first installment of the Gross Settlement Amount.

5.5.    Within fourteen (14) calendar days after the Settlement Effective Date, the Transferor shall deposit the remainder of the Gross Settlement Amount into the Qualified Settlement Fund via check or wire transfer.

5.7.    The Settlement Administrator shall not disburse the Gross Settlement Amount or any portion thereof from the Qualified Settlement Fund except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and Defense Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.8.    The Settlement Administrator shall be responsible for making provision for the payment from the Qualified Settlement Fund of all taxes and tax expenses, if any, owed with respect to the Qualified Settlement Fund, and for all tax reporting, remittance, and/or withholding obligations, if any, for amounts distributed from it. The Released Parties, Defense Counsel, and/or Class Counsel have no responsibility or any liability for any taxes or tax expenses owed by, or any tax reporting or withholding obligations, if any, of the Qualified Settlement Fund.

5.9.    No later than February 15 of the year following the calendar year in which Defendants or their insurer make any transfer of the Gross Settlement Amount, or any other amount, to the Qualified Settlement Fund on behalf of the Transferor pursuant to the terms of this Article 5, the Transferor shall timely furnish a statement to the Settlement Administrator that complies with Treas. Reg. § 1.468B-3(e)(2), which may be a combined statement under Treas. Reg. § 1.468B-3(e)(2)(ii), and shall attach a copy of the statement to its federal income tax return filed for the taxable year in which Defendants makes a transfer to the Qualified Settlement Fund.

## 6.    ARTICLE 6 – PAYMENTS FROM THE QUALIFIED SETTLEMENT FUND

6.1.    <u>Disbursements from Qualified Settlement Fund prior to Settlement Effective Date</u>. The Settlement Administrator shall disburse money from the Qualified Settlement Fund as follows:

6.1.2.    For fees and expenses of the Independent Fiduciary. The Settlement Administrator shall disburse money from the Qualified Settlement Fund to pay the Independent Fiduciary Expense Payment, pursuant to the payment terms and schedule as

set forth in the Independent Fiduciary's retention agreement. To the extent Defendants pay any costs, fees or expenses to the Independent Fiduciary pursuant to this Settlement before proceeds from the Qualified Settlement Fund are available for distribution, the Settlement Administrator shall be directed to reimburse Defendants for such amounts as verified by invoices.

6.1.3. For costs and expenses incurred by the Recordkeeper in implementing this Settlement. The Settlement Administrator shall disburse money from the Qualified Settlement Fund to pay the Recordkeeper Expense Payment, pursuant to the payment terms and schedule as set forth in the Recordkeeper's retention agreement. To the extent Defendants pay any costs, fees or expenses to the Recordkeeper pursuant to this Settlement before proceeds from the Qualified Settlement Fund are available for distribution, the Settlement Administrator shall be directed to reimburse Defendants for such amounts as verified by invoices.

6.2.    Following the payment of the second installment of the Gross Settlement Amount as set forth in Section 5.5, the Settlement Administrator shall disburse money from the Qualified Settlement Fund as follows:

6.2.1.   For Attorneys' Fees and Costs, as approved by the Court, and no later than thirty (30) calendar days following the Settlement Effective Date.

6.2.2.   For Class Representative's Case Contribution Award, as approved by the Court, and no later than thirty (30) calendar days following the Settlement Effective Date.

6.2.3.   For the Settlement Administrator Payment, as approved by the Court, and no later than thirty (30) calendar days following the Settlement Effective Date.

6.2.4. For the balance of the Recordkeeper Expense Payment not previously paid, if any, for actual costs and expenses incurred by the Recordkeeper in implementing the Settlement.

6.2.5.   The Net Settlement Amount will be distributed in accordance with the Plan of Allocation no later than thirty (30) calendar days following the Settlement Effective Date.  Pending final distribution of the Net Settlement Amount in accordance with the Plan of Allocation, the Settlement Administrator will maintain the Qualified Settlement Fund.

6.3.    _Implementation of the Plan of Allocation_.  Class Counsel shall propose to the Court a Plan of Allocation, in substantial conformity to the one attached hereto as Exhibit B, which shall provide for the calculation, allocation, and distribution of the Net Settlement Amount.  The Settlement Administrator shall be exclusively responsible and liable for calculating the amounts payable to the Class Members pursuant to the Plan of Allocation.  The Recordkeeper or Authorized Administrator shall allocate to the Plan accounts of Class Members who are not Former Participants any Net Settlement Amount as calculated by the Settlement Administrator according to the Plan of Allocation, documentation of which the Settlement Administrator shall provide to the Authorized Administrator pursuant to the Plan of Allocation no later than the distribution of the Net Settlement Amount.  The Settlement Administrator shall promptly notify Class Counsel as to the date(s) and amounts(s) of said allocation(s) made to Class Members who are not Former

Participants. The Settlement Administrator shall be responsible for distributing the Net Settlement Amount allocated to the Former Participants as provided by the Plan of Allocation, as well as complying with all tax laws, rules, and regulations and withholding obligations with respect to Former Participants. **Defendants shall have no liability related to the structure or taxability of such payments. Nothing herein shall constitute approval or disapproval of the Plan of Allocation by Defendants, and Defendants shall have no responsibility or liability for the Plan of Allocation and shall take no position for or against the Plan of Allocation.**

6.4.    The Net Settlement Amount distributed pursuant to the Plan of Allocation shall constitute "restorative payments" within the meaning of Revenue Ruling 2002-45 for all purposes.

6.5.    <u>Final List of Class Members</u>.  Prior to the disbursement of the Net Settlement Amount to the Plan, the Settlement Administrator shall provide to Defense Counsel and Class Counsel a final list of Class Members, in electronic format, to whom the Net Settlement Amount will be distributed in accordance with the Plan of Allocation.  Such list shall be final, and only persons on the list or their Beneficiaries or Alternate Payees shall be eligible to receive any recovery from this Settlement.

6.6.    The Settlement Administrator shall provide all necessary information to the Plan's Recordkeeper to effectuate payments to Current Participants no later than thirty(30) calendar days after the Settlement Effective Date. The Settlement Administrator shall disperse money from the Qualified Settlement Fund to the Plan's recordkeeper for the settlement payments to Current Participants no later than thirty (30) calendar days after the Settlement Effective Date. The Settlement Administrator shall likewise effectuate payments to Former Participants within thirty (30) calendar days after the Settlement Effective Date.

6.7.    After the distribution of the Net Settlement Amount and allocation of the Net Settlement Amount pursuant to the Plan of Allocation, amounts allocable to Class Members who cannot be located or otherwise cannot receive their Settlement payment shall revert to the Qualified Settlement Fund.

# 7.    ARTICLE 7 – ATTORNEYS' FEES AND EXPENSES

7.1.    <u>Application for Attorneys' Fees and Expenses and Class Representative's Case Contribution Award</u>.  Class Counsel intends to seek to recover their Attorneys' Fees and litigation costs and expenses actually incurred not to exceed $665,000,  which, if awarded by the Court, shall be recovered from the Gross Settlement Amount.  Class Counsel also intends to seek a Class Representative's Case Contribution Award, in an amount not to exceed $5,000 for Plaintiff Deborah Rodriguez, which shall be recovered from the Gross Settlement Amount.

7.2.    Class Counsel will file a motion for an award of Attorneys' Fees and Costs  at least forty-five (45) calendar days before the deadline set in the Preliminary Approval Order for objections to the proposed Settlement, which may be supplemented thereafter.

7.3.    The Settlement shall not be conditioned on the Court approval of Class Counsel's request for Attorneys' Fees and Costs or for a request for the Class Representative's Case Contribution Award.

## 8.    ARTICLE 8 – RELEASE AND COVENANT NOT TO SUE

8.1.    As of the Settlement Effective Date, the Plan (subject to Independent Fiduciary approval as required by Section 3.1) and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns), on their own behalf and on behalf of the Plan, shall fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties from the Released Claims, whether or not any Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims; whether or not any Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs and expenses; and whether or not the objections or claims for distribution of any Class Member have been approved or allowed.

8.2.    As of the Settlement Effective Date, the Class Representative, the Class Members, and the Plan (subject to Independent Fiduciary approval as required by Section 3.1) expressly agree that they, acting individually or together, or in combination with others, shall not sue or seek to institute, maintain, prosecute, argue, or assert in any action or proceeding (including but not limited to an IRS determination letter proceeding, a Department of Labor proceeding, an arbitration or a proceeding before any state insurance agency or other department or commission), any cause of action, demand, or claim on the basis of, connected with or arising out of any of the Released Claims.  Nothing herein shall preclude any action to enforce the terms of this Settlement Agreement in accordance with the procedures set forth in this Settlement Agreement.

8.3.    No Impact on Prior Releases.  The Released Claims in the Class Action shall not invalidate or impair any prior release of claims by the Class Representative or any Class Member against any of the Released Parties.

## 9.    ARTICLE 9 – COVENANTS

The Settling Parties covenant and agree as follows:

9.1.    Taxation.  Plaintiff acknowledges that the Released Parties have no responsibility for any taxes due on funds deposited in or distributed from the Qualified Settlement Fund or that the Plaintiff or Class Counsel receives from the Gross Settlement Amount.  Plaintiff further acknowledges that any such tax payments, and any professional, administrative, or other expenses associated with such tax payments, shall be paid out of the Qualified Settlement Fund.  Nothing herein shall constitute an admission or representation that any such taxes will or will not be due.

9.2.    Cooperation.  Defendants shall cooperate with Class Counsel by using reasonable efforts to provide, to the extent reasonably accessible, information to identify Class Members and to implement the Plan of Allocation.

9.2.1.    Defendants or Defense Counsel shall work with the Recordkeeper to provide to the Settlement Administrator: (1) the names, last known addresses, and email addresses, to the extent available, of members of the Settlement Class, as compiled from reasonably accessible electronic records maintained by the Recordkeeper; (2) Plan

participant data necessary to perform calculations pursuant to the Plan of Allocation. With respect to the Plan of Allocation data, the Plan's Recordkeeper shall take commercially reasonable steps to ensure the data provided is complete as it exists in the Recordkeeper's systems. Neither Plaintiffs, Class Counsel, Defendants, nor Defense Counsel will be responsible or liable in any way for ensuring the completeness or accuracy of the information provided by the Recordkeeper pursuant to this article.

9.2.2.    The Settlement Administrator shall use the information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 9.2.1 to compile a preliminary list of Class Members for purposes of sending the Class Notice and calculating payments pursuant to the Plan of Allocation.

9.2.3.    Class Counsel and their agents will use any information provided by Defendants, Defense Counsel, and/or the Recordkeeper pursuant to Section 9.2.1 solely and for no other purpose than providing notice and administering this Settlement and will take all reasonable and necessary steps as required by law to maintain the security and confidentiality of this information.

9.3.    The Settling Parties shall reasonably cooperate with each other to effectuate this Settlement, including with respect to the Plan of Allocation, and shall not do anything or take any position inconsistent with obtaining a prompt Final Approval Order approving the Settlement unless expressly permitted by this Settlement Agreement.  The Settling Parties shall suspend any and all efforts to prosecute and to defend the Class Action pending entry of the Final Approval Order or, if earlier, termination of the Settlement Agreement.

## 10.    ARTICLE 10 – REPRESENTATION AND WARRANTIES

10.1.    <u>Settling Parties' Representations and Warranties</u>.  The Settling Parties, and each of them, represent and warrant as follows, and each Settling Party acknowledges that each other Settling Party is relying on these representations and warranties in entering into this Settlement Agreement:

10.1.1. That they have diligently prepared the case pursuant to the Court's orders; that they are voluntarily entering into this Settlement Agreement as a result of arm's-length negotiations; that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Settlement Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by any Settling Party or by any Person representing any Settling Party to this Settlement Agreement.  Each Settling Party assumes the risk of mistake as to facts or law.  Each Settling Party further recognizes that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement.

10.1.2. That they have carefully read the contents of this Settlement Agreement,

and this Settlement Agreement is signed freely by each Person executing this Settlement Agreement on behalf of each of the Settling Parties. The Settling Parties, and each of them, further represent and warrant to each other that he, she, they, or it has made such investigation of the facts pertaining to the Settlement, this Settlement Agreement, and all of the matters pertaining thereto, as he, she, they, or it deems necessary.

10.2. <u>Signatories' Representations and Warranties</u>. Each Person executing this Settlement Agreement on behalf of any other Person does hereby personally represent and warrant to the other Settling Parties that he, she, they, or it has the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal whom such individual represents or purports to represent.

## 11.    ARTICLE 11 – NO ADMISSION OF LIABILITY

11.1. The Settling Parties understand and agree that this Settlement Agreement embodies a compromise settlement of disputed claims, and that nothing in this Settlement Agreement, including the furnishing of consideration for this Settlement Agreement, shall be deemed to constitute any finding, admission, or suggestion of any wrongdoing or liability by any Defendants, or give rise to any inference of wrongdoing or admission of wrongdoing or liability in this or any other proceeding.

11.2. This Settlement Agreement and the payments made hereunder are made in compromise of disputed claims and are not admissions of any liability of any kind, whether legal or factual. Defendants specifically deny any such liability or wrongdoing and state that they are entering into this Settlement Agreement to eliminate the disruption, burden, and expense of further litigation. Further, the Class Representative, while believing that the claims brought in the Class Action have merit, has concluded that the terms of this Settlement Agreement are fair, reasonable, and adequate to the Plan, herself, and members of the Settlement Class given, among other things, the inherent risks, difficulties, and delays in complex ERISA litigation such as the Class Action. Neither the fact nor the terms of this Settlement Agreement shall be used, offered, or received in evidence in any action or proceeding for any purpose, except in an action or proceeding to enforce this Settlement Agreement or arising out of or relating to the Final Approval Order.

## 12.    ARTICLE 12 – CONDITIONS TO FINALITY OF SETTLEMENT

This Settlement shall be contingent upon each of the following conditions in this Article 12 being satisfied. The Settling Parties agree that if any of these conditions is not satisfied, then this Settlement Agreement is terminated (subject to Defendants' right to waive the condition set forth in Section 12.4) and the Class Action will, for all purposes with respect to the Settling Parties, revert to its status as of the Settlement Agreement Execution Date.

12.1. <u>Court Approval and Class Certification for Settlement Purposes</u>. The Court shall have maintained certification of the Settlement Class for settlement purposes (to which Defendants will not object), the Settlement shall have been approved by the Court, the Court shall have entered the Final Approval Order substantially in the form attached as Exhibit D hereto, and the Settlement Effective Date shall have occurred.

12.2. <u>Finality of Settlement</u>. The Settlement shall have become Final.

12.3.   Resolution of CAFA Objections (If Any).   In the event that any of the government officials who received a CAFA Notice objects to and requests modification(s) to the Settlement, Class Representative and Class Counsel agree to cooperate and work with Defendants and Defense Counsel to overcome such objection(s) and requested modification(s).   In the event such objection(s) or requested modification(s) are not overcome, Defendants shall have the right to terminate the Settlement Agreement pursuant to Article 12.

12.4   Settlement Authorized by Independent Fiduciary.   At least forty-five (45) calendar days before the Fairness Hearing, the Independent Fiduciary shall have approved and authorized in writing the Settlement and given a release to all of the Released Parties in its capacity as fiduciary of the Plan for and on behalf of the Plan in accordance with PTE 2003-39.   If the Independent Fiduciary disapproves or otherwise does not authorize the Settlement or refuses to execute the release on behalf of the Plan, then the Settling Parties may mutually agree to modify the terms of this Settlement Agreement as necessary to facilitate an approval by the Independent Fiduciary and/or the Independent Fiduciary's release on behalf of the Plan.   Approval of the Settlement by the Independent Fiduciary is a precondition of Final Approval, except that Defendants shall have the option to waive this condition, in which case such option is to be exercised in writing within ten (10) business days after the Settling Parties' receipt of the Independent Fiduciary's written determination, unless otherwise agreed by the Settling Parties.

# 13.   ARTICLE 13 – TERMINATION, CONDITIONS OF SETTLEMENT, AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

13.1.   The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect if:

13.1.1. Under Section 3.1, (a) either the Independent Fiduciary does not approve the Settlement Agreement or disapproves the Settlement Agreement for any reason whatsoever, or Defendants reasonably conclude that the Independent Fiduciary's approval does not include the determinations required by PTE 2003-39; and (b) the Settling Parties do not mutually agree to modify the terms of this Settlement Agreement to facilitate approval by the Independent Fiduciary or the Independent Fiduciary's determinations required by PTE 2003-39; and (c) Defendants do not exercise their option to waive this condition as provided in Section 12.4;

13.1.2. The Preliminary Approval Order or the Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or in a form which is otherwise agreed to by the Settling Parties;

13.1.3. The Settlement Class is not certified as set forth herein or in a form which is otherwise agreed to by the Settling Parties;

13.1.4. This Settlement Agreement is not approved by the Court or fails to become effective and the Settling Parties do not mutually agree to modify the Settlement Agreement in order to obtain the Court's approval or otherwise effectuate the Settlement; or

13.1.5. The Preliminary Order or Final Approval Order is finally reversed on

appeal, or is modified on appeal, and the Settling Parties do not mutually agree to any such modifications.

13.2.    If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, the Class Action and the Released Claims asserted by the Class Representative shall, for all purposes with respect to the Settling Parties, revert to their status as though the Settling Parties never executed the Settlement Agreement.  All funds deposited in the Qualified Settlement Fund, and any interest earned thereon, shall be returned to Defendants within thirty (30) calendar days after the Settlement Agreement is finally terminated or deemed null and void.

13.3.    It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs and/or the Class Representative's Case Contribution Award and/or modifies any of the proposed orders relating to Attorneys' Fees and Costs and/or Class Representative's Case Contribution Award.

## 14.    ARTICLE 14 – CONFIDENTIALITY OF THE SETTLEMENT NEGOTIATIONS AND PERMITTED SETTLEMENT-RELATED COMMUNICATIONS

14.1.    Except as set forth explicitly below, the Settling Parties, Class Counsel, and Defense Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Class Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members, the Independent Fiduciary, and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they comply with this Article 14 in all other respects.

14.2.    The Settlement Administrator, at the direction of Class Counsel, will establish a Settlement Website on which it will post the following documents or links to the following documents following the date of the Preliminary Approval Order: the Complaint, Settlement Agreement and its Exhibits, Settlement Notice, Plaintiff's Motion for Attorneys' Fees and Costs and Class Representative Case Contribution Award, any Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information mutually agreed upon by the Settlement Parties.

14.3.    Defendants, Class Representative, Class Counsel, and Defense Counsel agree that they will not make any public statements about the Action or Settlement for marketing purposes. This prohibition includes, but is not limited to, the publication or distribution of any advertisements or other promotional content that discuss or describe the Action or Settlement.

14.4.    Defendants, Class Representative, Class Counsel, and Defense Counsel agree that they will not issue any press release regarding the Settlement, affirmatively contact any media sources regarding the Settlement, or respond to any request for comment on the Settlement by the media.

14.5.    Defendants, Class Representative, Class Counsel, and Defense Counsel agree that they will not disclose the terms of the Settlement until the motion for preliminary approval of the Settlement has been filed with the Court, other than as necessary to administer the Settlement, or unless such disclosure is pursuant to a valid legal process, a request by a regulatory agency, or as otherwise required by law, government regulations, or order of the Court.

## 15.    ARTICLE 15 – GENERAL PROVISIONS

15.1.    In no event shall the Settling Parties or their counsel make any public statements that disparage the business or reputation of the other (or their counsel in this action) based on the subject matter or the conduct of the Class Action.

15.2.    The Settling Parties agree to cooperate fully with each other in seeking Court approval of the Preliminary Approval Order and the Final Approval Order, and to undertake all tasks as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement according to its terms.  The Settling Parties agree to provide each other with copies of any filings necessary to effectuate this Settlement reasonably in advance of filing.

15.3.    This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of any Released Party of any wrongdoing, fault, or liability whatsoever by any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Class Action or any other proceeding.

15.4.    Defendants and Released Parties admit no wrongdoing, fault, or liability with respect to any of the allegations or claims in the Class Action.  This Settlement Agreement, whether or not consummated, and any negotiations or proceedings hereunder, shall not constitute admissions of any liability of any kind, whether legal or factual.  Subject to Federal Rule of Evidence 408, the Settlement and the negotiations related to it are not admissible as substantive evidence, for purposes of impeachment, or for any other purpose.

15.5.    Defendants deny all allegations of wrongdoing.  Defendants believe that the Plan has been managed, operated, and administered reasonably and prudently at all times, in the best interest of the Plan's participants, and in accordance with ERISA and all other applicable laws and regulations.

15.6.    Neither the Settling Parties, Class Counsel, nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to: (a) any act, omission, or determination of the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Gross Settlement Amount or otherwise; (b) the determination of the Independent Fiduciary; (c) the management, investment, or distribution of the Qualified Settlement Fund; (d) the Plan of Allocation as approved by the Court; (e) the determination, administration, calculation, or payment of any claims asserted against the Qualified Settlement Fund; (f) any losses suffered by, or fluctuations in the value of, the Qualified Settlement Fund; or (g) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Qualified Settlement Fund or tax reporting, or the filing of any returns.  Further, neither Defendants nor Defense Counsel shall have any responsibility for or liability whatsoever with respect to any act, omission, or determination of Class Counsel in connection with the administration of the Gross Settlement Amount, or otherwise.

15.7.    The Released Parties shall not have any responsibility for or liability whatsoever

with respect to the Plan of Allocation, including but not limited to the determination of the Plan of Allocation or the reasonableness of the Plan of Allocation.

15.8.    The Settling Parties acknowledge that any payments to Class Members or their attorneys may be subject to applicable tax laws.  Defendants, Defense Counsel, Class Counsel, and Class Representative will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in the Settlement Agreement.  To the extent that any portion of any Settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made and reporting will be performed by the Settlement Administrator, as required by law, in respect of all payments made under the Settlement Agreement.  Payments from the Qualified Settlement Fund shall not be treated as wages by the Settling Parties.

15.9.    Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person.  Each such Class Member shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold the Released Parties, Defense Counsel, Class Counsel, and the Settlement Administrator harmless from the costs (including, for example, Attorneys' Fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

15.10.  Only Class Counsel may seek enforcement of this Settlement Agreement on behalf of Plaintiff and Class Members.  Any individual concerned about Defendants' compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them.  Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate that is not in contravention to this Agreement, or to refrain from taking any action, in response to such request.  Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses from the Qualified Settlement Fund beyond the Attorneys' Fees and Costs determined by the Court.

15.11.  This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law and, to the extent that federal law does not govern, California law.

15.12.  The Settling Parties agree that the Court has personal jurisdiction over the Settlement Class and Defendants and shall maintain personal and subject-matter jurisdiction for purposes of resolving any disputes between the Settling Parties concerning compliance with this Settlement Agreement.  Any motion or action to enforce this Settlement Agreement—including by way of injunction—shall be filed in the United States District Court for the Northern District of California or asserted by way of an affirmative defense or counterclaim in response to any action asserting a violation of the Settlement Agreement.

15.13.  Each party to this Settlement Agreement hereby acknowledges that he, she, they, or it has consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by his, her, their,

or its counsel.

15.14.  Before entry of the Preliminary Approval Order and approval of the Independent Fiduciary, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties.  Following approval by the Independent Fiduciary, this Settlement Agreement may be modified or amended only if such modification or amendment is set forth in a written agreement signed by or on behalf of all Settling Parties and only if the Independent Fiduciary approves such modification or amendment in writing.  Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties, and only if the modification or amendment is approved by the Independent Fiduciary in writing and approved by the Court.

15.15.  The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions.  The waiver of any breach of this Settlement Agreement by any party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

15.16.  Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate the subject matter of this Settlement Agreement.

15.17.  All of the exhibits attached hereto are incorporated by reference as though fully set forth herein.  The exhibits shall be: Exhibit A – Notice of Class Action Settlement and Fairness Hearing; Exhibit B – Plan of Allocation; Exhibit C – Preliminary Approval Order; Exhibit D – Final Approval Order; Exhibit E – Form of CAFA Notice.

15.18.  No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

15.19.  <u>Principles of Interpretation</u>.  The following principles of interpretation apply to this Settlement Agreement:

15.19.1.  <u>Headings</u>.  Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles or Sections they caption.

15.19.2.  <u>Singular and Plural</u>.  Definitions apply to the singular and plural forms of each term defined.

15.19.3.  <u>Gender</u>.  Definitions apply to the masculine, feminine, non-binary, and neuter genders of each term defined.

15.19.4.  <u>References to a Person</u>.  References to a Person are also to the Person's permitted successors and assigns, except as otherwise provided herein.

15.19.5.     Terms of Inclusion.  Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but rather shall be deemed to be followed by the words "without limitation."

15.20.  Survival.  All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement.  No Party is relying on any oral representations or oral agreements.  All such covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

15.21.  Notices.   Any notice, demand, or other communication under this Settlement Agreement (other than the Settlement Notice, or other notices given at the direction of the Court) shall be in writing and shall be deemed duly given upon receipt if it is addressed to each of the intended recipients as set forth below and personally delivered, sent by registered or certified mail postage prepaid, or delivered by reputable express overnight courier or via e-mail:

IF TO CLASS REPRESENTATIVE:

Hayes Pawlenko LLP
Matthew B. Hayes
Kye D. Pawlenko
1414 Fair Oaks Ave., Unit 2B
South Pasadena, CA 91030

IF TO DEFENDANTS:

COVINGTON & BURLING LLP
Lindsey Barnhart
3000 El Camino Real
Palo Alto, CA 94306

Groom Law Group, Chartered
Sarah Adams
1701 Pennsylvania Ave., NW, Suite 1200
Washington, DC 20006

Any Settling Party may change the address at which it is to receive notice by written notice delivered to the other Settling Parties in the manner described above.

15.22.  Entire Agreement.  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties.  No representations, warranties, or inducements have been made to any party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.  It specifically supersedes any settlement terms or settlement agreements relating to the Defendants that were previously agreed upon orally or in writing by any of the Settling Parties.

15.23.  Counterparts.   The  Settlement  Agreement  may  be  executed  by  exchange  of

executed signature pages, and any signature transmitted by facsimile or e-mail attachment of scanned signature pages for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement.  The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

15.24.  <u>Binding Effect.</u>  This Settlement Agreement binds and inures to the benefit of the Settling Parties hereto, their assigns, heirs, administrators, executors, and successors.

15.25.  <u>Destruction/Return of Confidential Information.</u>  The Settling Parties agree that the preliminary and final lists of Class Members are deemed Confidential, and that the Settling Parties shall have the right to continue to designate documents provided to any party in connection with this Settlement Agreement as Confidential.

IN WITNESS WHEREOF, the Settling Parties have executed this Settlement Agreement on the dates set forth below.


Plaintiff, Individually and
as a Representative of the Plan and the Class:

_____
Deborah Rodriguez (May 2, 2025 08:52 PDT)
<u>Deborah Rodriguez</u>


On behalf of Defendants:

_____
Name:  Shrikant Dave
Title:   Vice President, Technology Ecosystem
          and Accelerating Functions Finance


Approved as to form and content:


HAYES PAWLENKO LLP

By: _____
Matthew B. Hayes
Kye D. Pawlenko
Attorneys for Plaintiff


COVINGTON & BURLING LLP

By: _____
Lindsey Barnhart
Nicholas Pastan
Attorneys for Defendants

# EXHIBIT A

## NOTICE OF CLASS ACTION SETTLEMENT

***A Federal Court has authorized this Notice. You are not being sued.***
***This is not a solicitation from a lawyer.***

This is a notice of Settlement for the Class Action titled:
***Deborah Rodriguez v. Intuit Inc. et al.***
United States District Court for the District of Northern California
Case No. 5:23-cv-05053-CP

**To:    All participants and beneficiaries in the Intuit Inc. 401(k) Plan from January 1, 2018 through December 31, 2021**

**Please read this Notice carefully. It provides important information about your legal rights and obligations under an agreement to settle a class action lawsuit.**

| WHY IT IS IMPORTANT TO READ THIS NOTICE |
|---|

Judge Casey Pitts of the United State District Court of the Northern District of California (the "Court") has preliminarily approved a class action settlement (the "Settlement") of all claims that were or could have been asserted based on the facts alleged in the lawsuit titled *Rodriguez v. Intuit Inc. et al.*, Case No. 5:23-cv-05053 (N.D. Cal.) (the "Action").

The Settlement affects all participants and beneficiaries in the Intuit Inc. 401(k) Plan (the "Plan") from January 1, 2018 through December 31, 2021 (the "Class Period") who had Plan expenses charged to their accounts ("Class Members").

You have received this Notice of Settlement because the Plan's records show that you are a Class Member.

This Notice of Settlement provides you with a description of the Action, informs you of the key terms of the proposed Settlement, and discusses your rights under the Settlement.

***It is important that you read this Notice of Settlement carefully as your rights will be affected by the Settlement.***

| SUMMARY OF YOUR OPTIONS AND RIGHTS UNDER THE SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | **You don't need to do anything to participate in this Settlement.** If you do nothing, you will automatically participate in the Settlement and receive a share of the Settlement money, and you will release the claims described below in Section V of the portion of this Notice titled "Summary of the Terms of the Settlement." |
| **YOU CAN OBJECT BY DEADLINE** | **Submit a written objection to the Court.**<br><br>If you disagree with the proposed Settlement, Class Counsel's request for attorneys' fees and litigation expenses, or the proposed compensation to Plaintiff, you may submit an objection to the Court. If the Court agrees with your objection, the parties can choose whether to withdraw the Settlement or change its terms. If the Court rejects your objection and the Settlement receives |

| | |
|---|---|
| | final approval, you will still be bound by the Settlement, will receive a settlement payment, and you will release the claims described below in Section V of the portion of this Notice titled "Summary of the Terms of the Settlement." <br><br> **Instructions for submitting an objection are provided below in Section III of the portion of this Notice titled "Your Rights and Options Regarding This Class Action Settlement."** |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED** | Class members who currently have Intuit 401(k) Plan accounts will receive their settlement payment through a contribution allocated into their existing Plan account. Class members who no longer have an Intuit 401(k) account will receive their settlement payment directly by check by the Settlement Administrator (defined below). |

## WHAT THIS ACTION AND SETTLEMENT IS ABOUT

A class action is a lawsuit where one or more plaintiffs brings claims on behalf of many people to be decided in a single court proceeding.

Plaintiff Deborah Rodriguez ("Rodriguez" or "Plaintiff") is a former employee who was a participant in the Plan during the Class Period. Rodriguez filed this lawsuit against Intuit Inc. and the Employee Benefits Administrative Committee of the Plan (the "Committee") on October 2, 2023, alleging claims under the Employee Retirement Income Security Act ("ERISA") that Intuit (1) breached fiduciary duties owed to participants and beneficiaries of the Plan; (2) violated ERISA's anti-inurement provision; and (3) engaged in "prohibited transactions," by using forfeited, non-vested employer matching 401(k) contributions to offset future employer matching 401(k) contributions.

Intuit denies Rodriguez's claims, but agreed to attend a mediation with Rodriguez in January 2025 to see if the case could be resolved without the continued expense and burden of prolonged litigation. The Parties conducted detailed, arms-length negotiations facilitated by an experienced mediator and retired Magistrate Judge Morton Denlow of JAMS during a full-day mediation on January 28, 2025.

This Settlement is not an admission of any wrongdoing by Intuit or an indication that Intuit violated any law. Intuit believes Rodriguez's claims are without merit and denies all of the allegations of wrongdoing and liability. Intuit believes it has at all times complied with ERISA and applicable laws, and has administered the Plan properly, prudently, and in the best interests of Plan participants. Intuit believes however, that further litigation would be protracted, burdensome, and expensive.

The Court did not decide in favor of Rodriguez or Intuit. There was no trial. Instead, both sides agreed to a no-fault resolution of the Action. The Settlement is intended to allow the Parties to avoid the costs and burden of further litigation and a trial, while allowing Class Members to receive payments from the Settlement as specified below.

Rodriguez and her attorneys, who were preliminarily appointed as representatives for the Class, believe the Settlement is in the best interests of all Class Members.

## SUMMARY OF THE TERMS OF THE SETTLEMENT

### I.    The Total Settlement Amount

The total value of the Settlement (the "Gross Settlement Amount") is One Million Nine-Hundred and Ninety-Five Thousand Dollars ($1,995,000), which is the amount that Intuit will pay in order to settle the Action.  The Gross Settlement Amount will be distributed as follows:

Attorneys' Fees and Costs Award:

Plaintiff's attorneys ("Class Counsel") will request attorneys' fees and costs of up to one-third (1/3) of the Gross Settlement Amount, or $665,000 ("Attorneys Fees and Costs").  All attorneys' fees or litigation costs will be paid from the Gross Settlement Amount.  The Attorneys Fees and Costs Award must be approved by the Court. Any Attorneys Fees and Costs that are requested and not awarded by the Court will be included in the Net Settlement Amount (defined below) and distributed to Class Members.

Plaintiff's Case Contribution Award:

Rodriguez will request a Case Contribution Award (*i.e.*, payment for service as a named Plaintiff and in consideration of her agreeing to a release of all claims) in an amount not to exceed $5,000.  The requested Case Contribution Award is subject to approval from the Court and will be paid from the Gross Settlement Amount.  Any Case Contribution Award requested but not awarded by the Court will be included in the Net Settlement Amount (defined below) and distributed to Class Members.

Costs of Administration:

The Court has approved Analytics Consulting, LLC (the "Settlement Administrator") to administer this Settlement.  The cost of administration will be paid entirely from the Gross Settlement Amount subject to Court approval and shall not exceed $90,000.  Settlement administration costs include, but are not limited to, the cost of providing this notice to Class Members, executing the Plan of Allocation, establishing the Settlement Website, managing the Qualified Settlement Fund, making Individual Settlement Payments, paying required taxes, and addressing Class Member questions.  Settlement administration costs also include the cost of providing a notice to state and federal officials under the Class Action Fairness Act, and costs incurred by the Plan's recordkeeper to provide data to implement the Plan of Allocation and make payments to Class Members with Intuit 401(k) accounts.  Any settlement administration costs not awarded by the Court, or any settlement administration costs awarded by the Court but not spent by the Settlement Administrator, will be included in the Net Settlement Amount (defined below) and will be distributed to Class Members.

Recordkeeper Expenses:

The Settlement requires the Plan's recordkeeper to gather and provide the Settlement Administrator with the information and data necessary to provide notice of the Settlement to the Class Members, calculate their Individual Settlement Payments, and assist with executing the Plan of Allocation.  Costs associated with the Recordkeeper performing its responsibilities under the Settlement will be deducted from the Gross Settlement Amount if approved by the Court and shall not exceed $15,000.  Any recordkeeper costs not awarded by the Court and any recordkeeper costs awarded by the Court but not spent with respect to the recordkeeper's services will be included in the Net Settlement Amount and will be distributed to Class Members.

Independent Fiduciary Expenses:

The Settlement requires approval by an independent fiduciary, who will review the Settlement to assess whether it is fair and adequate. Costs associated with the review and approval by the independent fiduciary will be deducted from the Gross Settlement Amount if approved by the Court and shall not exceed $25,000. Any independent fiduciary costs not awarded by the Court and any independent fiduciary costs awarded by the Court but not spent with respect to the independent fiduciary's services will be included in the Net Settlement Amount and will be distributed to Class Members.

Individual Settlement Payments:

Individual Settlement Payments will be paid from the "Net Settlement Amount," which is the amount of the Gross Settlement Amount remaining after payment of the Court-approved expenses described above, which are: (1) Class Counsel's Attorneys Fees and Costs Award; (2) Plaintiff's Case Contribution Award; (3) Costs of Administration; (4) Recordkeeper Expenses; and (5) Independent Fiduciary Expenses.
The Net Settlement Amount will be paid to Class Members in the form of Individual Settlement Payments according to the approved Plan of Allocation, if and when the Court enters an order finally approving the Settlement.

## II.    Calculation of Individual Settlement Payments

Class Members will receive their Individual Settlement Payment based on the Plan of Allocation, which is included in the Settlement Agreement and must be approved by the Court. The Plan of Allocation describes how each Class Member's Settlement Payment will be calculated.

To determine a Class Member's Individual Settlement Payment under the Plan of Allocation, the Settlement Administrator will first calculate the total amount of Plan recordkeeping fees that were deducted from the Plan account of the Class Member during the Class Period (the Class Member's "Expense Balance").

Then the Settlement Administrator will add up the total amount of Plan recordkeeping fees that were deducted from the Plan accounts of all Class Members during the Class Period in order to determine the percentage of the total Plan recordkeeping fees attributable to each Class Member during the class period (*i.e.* where the numerator is the Class Member's Expense Balance and the denominator is the sum of all Class Members' Expense Balances). This is referred to as the Class Member's "Pro Rata Percentage."

Finally, the Settlement Administrator will multiply the Pro Rata Percentage by the Net Settlement Amount to determine each Class Member's Individual Settlement Payment. Class Members who are the beneficiary of an individual who was a participant in the Plan during the Class Period will receive an Individual Settlement Payment based on the participant's Pro Rata Percentage.

The full Plan of Allocation, including the details for each step that the Settlement Administrator will follow to calculate the Settlement payments, is available on the website for the Settlement (the "Settlement Website"), at Website URL.

The total amount of payments to Settlement Class Members may not exceed the Net Settlement Amount.

## III.    How Class Members Will Receive Individual Settlement Payments

If you are a Class Member and are either a **Current or Former Participant with an Intuit 401(k) account**, your payment will be made automatically into your Plan account and invested in accordance with your investment elections then on file with the Plan recordkeeper for new contributions.

If you are a Settlement Class Member and a **Former Participant who no longer has an Intuit 401(k) account**, your payment will be made via check. Checks must be cashed within 180 days. On the 181st day, checks are void and uncashed funds will be paid to the Plan for the purpose of reducing administrative fees and expenses of the Plan.

## IV. Timing of Individual Settlement Payments

It is hard to say when you may receive your share of the Net Settlement Amount. The Court must approve the Settlement and there may be appeals. We do not know how long this may take. Please visit Website URL for updated information.

Please note: There will be no payments issued if the Settlement is terminated. The Settlement may be terminated on several grounds, described in the Settlement Agreement. In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

## V. Release of Claims by Class Members

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be calculated and distributed.

If the Settlement is approved, no Class Member will be permitted to assert any Released Claims in any other litigation against Intuit, or any other Released Party.

### A. Released Parties

In exchange for the benefits provided by the Settlement Agreement, Class Members will release (a) Intuit and the Committee (collectively, "Defendants") (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors-In-Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and any successor plans; the Plan's current and past fiduciaries, committees, subcommittees, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers, and parties-in-interest; and (e) Defendants' independent contractors, Representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries, employee benefit plan administrators, employee benefit plan committees and subcommittees, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them from the Released Claims (defined below).

### B. Released Claims

"Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action that were asserted in the Action or that could have been asserted based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint, whether accrued or

not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act, including but not limited to:

Claims that relate to (a) the use of forfeitures; (b) disclosures or failures to disclose information regarding the Plan's use of forfeitures; (c) the management, oversight, or administration of the Plan or its fiduciaries with respect to the use of forfeitures; or (d) alleged breach of the duty of loyalty, care, prudence, or any other fiduciary duties, prohibited transactions, anti-inurement, or any other violation of ERISA or any other law or regulation with respect to the use of forfeitures; or

Claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or to any Class Member in accordance with the Plan of Allocation or the payment of any fee or expense in accordance with the Settlement Agreement; or

Claims that relate to the approval by the Independent Fiduciary of the Settlement. However, the Settlement Agreement does not preclude claims brought against the Independent Fiduciary alone for the work it performs under the Settlement Agreement.

The Released Claims also include a waiver of the provisions, rights and benefits of Section 1542 of the California Civil Code ("Section 1542") as to above-described Released Claims only. Section 1542 provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

## YOUR RIGHTS AND OPTIONS REGARDING THIS CLASS ACTION SETTLEMENT

### I.    You Do Not Need to Do Anything to Participate in this Settlement.

If the Settlement becomes binding and you do nothing, you will receive an Individual Settlement Payment. The amount of the Individual Settlement Payment will depend, in part, on the amounts approved by the Court and will be calculated based on the Individual Settlement Payment calculation described above. If you do nothing, you will also be bound by the Settlement and you will release all claims related to the allegations in the Action as explained in the "Release of Claims by Participating Class Members" section above.

### II.   You Cannot Opt Out of the Settlement

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms.  You cannot exclude yourself from the Settlement.  If the Court approves the Settlement, it will do so on behalf of a "mandatory" class under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class.  However, although you cannot opt out of the Settlement, you can notify the Court of any objection you might have to the Settlement, as described below (*see* Section III).

6

### III.    You Can Object to the Settlement

You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you should object.

Any objection to the proposed Settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Deborah Rodriguez. v. Intuit Inc. et al.,* Case No. 5:23-cv-05053), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Clerk for the Court at the address below, with copies mailed to Class Counsel and Intuit's Counsel at their respective addresses below, and (c) be filed and postmarked on or before [14 days before Final Fairness Hearing].

| Court | Class Counsel | Intuit's Counsel |
|---|---|---|
| Mark B. Busby<br>Clerk of the Court<br>450 Golden Gate Ave., San Francisco, CA 94102.<br>Re: *Deborah Rodriguez. v. Intuit Inc. et al.*, Case No. 5:23-cv-05053 (Northern District of California) | Matthew B. Hayes<br>Hayes Pawlenko LLP<br>1414 Fair Oaks Avenue Unit 2B<br>South Pasadena, CA 91030 | Sarah Adams<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave., NW, Suite 1200<br>Washington, DC 20006 |

## NEXT STEPS

### I.    The Court's Final Approval Hearing

The Court will hold a Final Approval Hearing on [DATE] at [TIME] before the Honorable Casey Pitts at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113-3002 to consider the fairness, adequacy and reasonableness of the proposed settlement, including without limitation: Class Counsel's Attorneys Fees and Costs Award, Plaintiff's Case Contribution Award, and Settlement administration costs. If there are objections, the Court will consider them—but you do not need to attend the Final Approval Hearing to have the Court consider an objection.

The Court may reschedule the Final Approval Hearing without further notice to Class Members.  The Court may also choose to conduct the Final Approval Hearing via conference call or other remote means.  You will not receive a separate notice, but any such changes will be posted on the Settlement Website, at Website URL.

II.    **How to Obtain Additional Information**

This notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the settlement agreement available at www._____.com, by contacting class counsel at 626.808.4357, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DEBORAH RODRIGUEZ,                                    )
individually and as a representative of              )
a class of participants and beneficiaries           )
on behalf of the Intuit Inc. 401(k) Plan,           )
                                                     )
                    Plaintiff,                       )
                                                     )
v.                                                   )    CIV. NO.: 5:23-cv-05053-PCP
                                                     )
INTUIT INC., *et al.*,                               )
                                                     )
                    Defendant.                       )
                                                     )

**PLAN OF ALLOCATION**

## I.    DEFINITIONS

A.    Except as indicated in this Plan of Allocation, the capitalized terms used herein shall have the meaning ascribed to them in the Settlement Agreement.

## II.    CALCULATION OF ALLOCATION AMOUNTS

A.    Pursuant to Article 9.2.1 of the Settlement Agreement, the Plan's Recordkeeper shall provide the Settlement Administrator with the data reasonably necessary to determine the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class ("Settlement Class Member" or "Class Member") in accordance with this Plan of Allocation.

B.    The data reasonably necessary to perform calculations under this Plan of Allocation are as follows: the total amount of recordkeeping fees paid by each Class Member as of December 31 of each year during the Class Period.

C.    The Net Settlement Amount will be allocated as follows:

1.    Calculate the sum of the recordkeeping fees paid by each Class Member for each year of the Class Period based on the data described above.  This amount shall be that Class Member's "Expense Balance."

2.      Sum the Expense Balances for all Class Members.

3.      Allocate each Class Member a share of the Net Settlement Amount in proportion to the sum of that Class Member's Expense Balance as compared to the sum of the Expense Balances for all Class Members, *i.e.* where the numerator is the Class Member's Expense Balance and the denominator is the sum of all Class Members' Expense Balances.

D.      The amounts resulting from this initial calculation shall be known as the Preliminary Entitlement Amount.  Except as provided in Paragraph II.F, below, Class Members whose Preliminary Entitlement Amount is less than $10.00 will be entitled to $10.00 (the "De Minimis Amount") from the Net Settlement Amount.  The Settlement Administrator shall progressively increase Class Members' awards falling below the De Minimis Amount, and progressively decrease the Preliminary Entitlement Amounts of Class Members over $10.00, until the lowest participating Class Member award is the De Minimis Amount, i.e. $10.00.   The resulting calculation shall be the "Final Entitlement Amount" for each Class Member.  The sum of the Final Entitlement Amounts for all Class Members must equal, but may not exceed, the dollar amount of the Net Settlement Amount.

E.      **Settlement Class Members With Accounts In the Plan.**  For Class Members with an Active Account (an account with a positive balance) as of the Final Order (the "Account Members"), the Final Entitlement Amount will be allocated into their Plan account (unless that Plan account has been closed in the intervening period, in which case the Class Member will receive their allocation in accordance with Paragraph II.F, below).  As soon as reasonably possible after deposit of the remainder of the Gross Settlement Amount (per Article 5.5 of the Settlement Agreement), the Settlement Administrator shall cause an amount equal to the portion of the Net Settlement Fund allocated under the Plan of Allocation to the Account Members, along with data and other supporting information identifying the Settlement share amount owed to each Account Member, to be transferred to the Plan's Recordkeeper in accordance with the

2

Recordkeeper's requirements for receiving same. The Plan's Recordkeeper will then allocate the "Final Entitlement Amount" to each Account Member pursuant to the data and other supporting information provided by the Settlement Administrator, and in accordance with the Plan of Allocation. The deposited amount shall be invested by the Recordkeeper pursuant to the Account Member's investment elections on file for new contributions. If the Account Member has no election on file, it shall be invested in any default investment option(s) designated by the Plan, and if the Plan has not designated any default investment option(s), in a target date fund commensurate with (or most closely associated with) the Account Member's retirement age or similar fund under the Plan.

      F.    **Settlement Class Members Without Accounts Under the Plan.** If a Former Participant is deceased and the Former Participant has one or more beneficiaries who have Accounts, the amount due to be paid to the Former Participant shall be allocated to such Accounts. Otherwise, Former Participants, which for purposes of this Plan of Allocation includes any Class Member who closes their Plan account prior to distribution of Settlement proceeds, shall be paid (or, in the case of a deceased Former Participant, the estate of such Former Participant shall be paid) directly by a check written from the Net Settlement Fund by the Settlement Administrator. All such payments are intended by the Settlement Class to be "restorative payments" in accordance with Internal Revenue Service Revenue Ruling 2002-45. Checks issued to Former Participants pursuant to this paragraph shall be valid for 180 days from the date of issue. No Former Participant whose entitlement to payment pursuant to the Plan of Allocation would otherwise be less than the De Minimis Amount shall receive any payment from the Net Settlement Fund.

G.      The Settlement Administrator shall utilize the calculations required to be performed herein for making the required distributions of the Final Entitlement Amount, less any required tax withholdings or penalties, to each Class Member.  In the event that the Settlement Administrator determines that the Plan of Allocation would otherwise require payments exceeding the Net Settlement Amount, the Settlement Administrator is authorized to make, and shall make, any such changes as are necessary to the Plan of Allocation to ensure that the total amount of distributions to Class Members under this Plan of Allocation does not exceed the Net Settlement Amount.  The Settlement Administrator shall be solely responsible for performing any calculations required by this Plan of Allocation.

H.      If the Settlement Administrator concludes that it is impracticable to implement any provision of the Plan of Allocation, it shall be authorized to make, and shall make, such changes to the methodology as are necessary to implement as closely as possible the terms of the Settlement Agreement, so long as the total amount of distributions to Class Members does not exceed the Net Settlement Amount.

I.      No sooner than fourteen (14) calendar days following the expiration of all undeposited checks issued pursuant to this Plan of Allocation, any amount remaining in the Qualified Settlement Fund shall be paid to the Plan for the purpose of defraying administrative fees and expenses of the Plan.  Unless otherwise expressly provided for in the Settlement Agreement, no part of the Settlement Fund may be used to reimburse any Defendant or otherwise offset costs, including settlement-related costs, incurred by any Defendant.

J.      None of the Released Parties, Plaintiff, Defense Counsel, or Class Counsel shall have any responsibility for or liability whatsoever with respect to any tax advice given to Class Members, including Former Participants.

4

III.    **CONTINUING JURISDICTION**

      A.     The Court will retain jurisdiction over the Plan of Allocation to the extent necessary to ensure that it is fully and fairly implemented.

IV.    **GENERAL PROVISIONS**

      A.     The Settlement Administrator shall be exclusively responsible for determining and calculating the amounts payable to Settlement Class Members pursuant to the Plan of Allocation based on the information to be provided by the Plan's Recordkeeper.  The Released Parties, Plaintiff, Defense Counsel, and Class Counsel shall have no responsibility or liability for the Plan of Allocation determinations, calculations and/or the expenses incurred in connection with the determinations and calculations.

      B.     The Released Parties, Plaintiff, Defense Counsel, and Class Counsel shall have no responsibility or liability for the tax-qualified status of any distribution issued by the Settlement Administrator of the Net Settlement Fund to the Class Members.

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DEBORAH RODRIGUEZ,                          )
individually and as a representative of      )
a class of participants and beneficiaries    )
on behalf of the Intuit Inc. 401(k) Plan,    )
                                             )
        Plaintiff,                       )
                                             )
v.                                           )    CIV. NO.: 5:23-cv-05053-PCP
                                             )
INTUIT INC., *et al.*,                       )
                                             )
        Defendant.                       )
                                             )

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR
SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF
SETTLEMENT NOTICE, PRELIMINARILY APPROVING PLAN OF
ALLOCATION AND SCHEDULING A DATE FOR A FAIRNESS HEARING**

       This Action involves claims for alleged violations of the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"), with respect to the Intuit Inc. 401(k)

Plan ("Plan").[1] The terms of the Settlement are set out in the Settlement Agreement, fully executed

as of May 9, 2025.

       Pursuant to the Named Plaintiff's Motion for Preliminary Approval of Class Action

Settlement, Preliminary Certification of a Class for Settlement Purposes, Approving Form and

Manner of Settlement Notice, Preliminarily Approving Plan of Allocation, and Scheduling a

Date for a Fairness Hearing filed on Thursday, May 15, 2025, the Court preliminarily considered

the Settlement to determine, among other things, whether the Settlement is sufficient to warrant

---

[1] All capitalized terms not otherwise defined in this Order shall have the same meaning as
ascribed to them in the Settlement Agreement.

the issuance of notice to members of the proposed Settlement Class.  Upon reviewing the

Settlement Agreement and the matter having come before the Court at the _____

hearing, due notice having been given, and the Court having been fully advised in the premises,

it is hereby **ORDERED, ADJUDGED, AND DECREED as follows:**

1.        **Preliminary Certification of the Settlement Class.**  In accordance with the

Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil

Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> all persons who participated in the Plan at any time during the Class Period and
> had Plan expenses charged to their accounts, excluding members of the
> Committee, including (a) any Beneficiary of a deceased Person who (i)
> participated in the Plan at any time during the Class Period and had Plan expenses
> charged to his or her account or (ii) participated in the Plan before the Class Period
> and whose beneficiary had an Account in the Plan during the Class Period and had
> Plan expenses charged to his or her account, and (b) any Alternate Payee of (i) a
> Person subject to a QDRO who participated in the Plan at any time during the
> Class Period and had Plan expenses charged to his or her account or (ii) a Person
> subject to a QDRO who participated in the Plan before the Class Period whose
> Alternate Payee had an Account in the Plan during the Class Period and had Plan
> expenses charged to his or her account.

2.        Pursuant to the Settlement Agreement, and for settlement purposes only, the Court

preliminarily finds that:

> (a)        as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is
>
> ascertainable from records kept with respect to the Plan and from other
>
> objective criteria, and the Settlement Class is so numerous that joinder of
>
> all members is impracticable;
>
> (b)        as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of
>
> law and/or fact common to the Settlement Class;

(c)     as required by FED. R. CIV. P. 23(a)(3), the claims of the Named Plaintiff are typical of the claims of the Settlement Class that the Named Plaintiff seeks to certify;

(d)     as required by FED. R. CIV. P. 23(a)(4), the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Named Plaintiff and the Settlement Class;

(e)     as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions;

and (iii) have committed the necessary resources to represent the Settlement
Class.

3. The Court preliminarily appoints the Named Plaintiff Deborah Rodriguez as Class
Representative for the Settlement Class and Hayes Pawlenko LLP as Class Counsel for the
Settlement Class.

4. **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is
hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds
that:

a) The Settlement was negotiated vigorously and at arm's-length, under the auspices
of a Mediator, by Defendant Intuit Inc. (on behalf of all Defendants) and Defense
Counsel, on the one hand, and the Named Plaintiff and Class Counsel on behalf of
the Settlement Class, on the other hand;

b) Named Plaintiff and Class Counsel had sufficient information to evaluate the
settlement value of the Action and have concluded that the Settlement is fair,
reasonable and adequate;

c) If the Settlement had not been achieved, Named Plaintiff and the Settlement Class
faced the expense, risk, and uncertainty of protracted litigation;

d) The amount of the Settlement – one million nine-hundred and ninety-five thousand
dollars ($1,995,000.00) – is fair, reasonable, and adequate, taking into account the
costs, risks, and delay of litigation, trial, and appeal. The method of distributing
the Class Settlement Amount is efficient, relying on Defendants' records and
requiring no filing of claims. The Settlement terms related to attorneys' fees do not
raise any questions concerning fairness of the Settlement, and there are no

agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

e)      At all times, the Named Plaintiff and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

f)      The proposed Plan of Allocation is fair, reasonable, and adequate.

5.      **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting, or tax reporting responsibilities with regard to the Settlement Fund or its distribution, unless otherwise specifically identified in the Settlement. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid into the Settlement Fund as provided in the Settlement Agreement; and (2) their agreement to cooperate in providing information that is reasonably necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines,

taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding, and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other

transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.  **Fairness Hearing** – A hearing is scheduled for_____ [at least 120 days after preliminary approval] to make a final determination concerning, among other things:

- Any objections from Class Members to the Settlement or any aspects of it;

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be granted final approval; and

- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Award to the Named Plaintiff is fair and reasonable, and should be approved.

7.  **Settlement Notice** – The Court approves the form of Settlement Notice attached as Exhibit A to the Settlement Agreement. The Court finds that such form of notice fairly and adequately: (a) describes the terms and effects of the Settlement Agreement, the Settlement, and

the Plan of Allocation; (b) notifies the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for the Named Plaintiff for her service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Settlement Notice may object to any of the relief requested.

8.    **Settlement Administrator** – The Court hereby approves the parties' plan to select and retain Analytics Consulting, LLC as the Settlement Administrator.  The Court directs that the Settlement Administrator shall, by no later than _____ (sixty days after entry of this Order), distribute the Settlement Notice to the Settlement Class by first-class mail.  The Notice shall be sent to the last known mailing address of each of the Settlement Class members.

9.    **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Award to the Named Plaintiff, and all briefs in support thereof, shall be filed no later than _____ (forty-five days before the date for filing Objections specified in this Order).

10.    **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than _____ (thirty days before the date of the Fairness Hearing specified in this Order).

11.    **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the

Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for the Named Plaintiff. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

> Mark B. Busby - Clerk of the Court
> United States District Court
> 450 Golden Gate Avenue, Box 36060
> San Francisco, CA 94102-3489

> Re: *Deborah Rodriguez v. Intuit Inc., et al.*, Civil Action No. 5:23-cv-05053-PCP (Northern District of California)

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Class Counsel and Defense Counsel at the addresses in the Settlement Notice no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of appearance with the Court no later than _____ (fourteen days before the date of the Fairness Hearing specified in this Order). Any member of the Settlement Class or other Person who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred, unless otherwise ordered by the Court. Any responses to objections shall be filed with the Court no later than _____ (seven days before the date of the Fairness Hearing specified in this Order). There shall be no reply briefs.

12.     Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than _____ (seven days before the date of the Fairness Hearing specified in this Order).

13.     **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense.  Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than _____ (fourteen days before the date of Fairness Hearing specified in this Order).  Any objectors, or their counsel, who does not file a timely objection or notice of intention to appear shall not be permitted to speak at the Fairness Hearing, shall be deemed to have waived any objections to the Settlement Agreement, and shall be barred from making such objections in this action, except for good cause shown.

14.     **Notice Expenses** – The expenses of printing, mailing, and publishing the Settlement Notice required herein shall be paid exclusively from the Qualified Settlement Fund.

15.     **Bar of Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, the Named Plaintiff, every Class Member, and the Plan are prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16.     **Stay of Action** – Further proceedings in this action  are hereby **STAYED** pending final approval of the Settlement Agreement and dismissal of the action or, if earlier, termination of the Settlement Agreement.

17.     **Class Action Fairness Act Notice** – The form of notice under the Class Action Fairness Act of 2005 ("CAFA") submitted as Exhibit E to the Settlement Agreement complies with the requirements of CAFA and will, upon mailing, discharge Defendants' obligations pursuant to CAFA.

18.     **Continuance of Final Approval Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

19.     **Effect of Termination or Denial of Approval** – In the event that the Settlement Agreement is terminated pursuant to its terms or is not finally approved in all material respects by the Court, or such approval is reversed by an appellate court, this action will proceed in all respects as though the Settlement Agreement had not been entered and this had not been ordered.

20.     **No Admission of Liability** – The Settlement Agreement, and these proceedings related to the approval of the Settlement Agreement, and this Order are not evidence of any liability, responsibility, fault, or wrongdoing on the part of any party to this action, including without limitation any Released Party.

SO ORDERED this _____ day of _____, 2025.


_____
Hon. P. Casey Pitts
United States District Judge

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

DEBORAH RODRIGUEZ,                              )
individually and as a representative of         )
a class of participants and beneficiaries       )
on behalf of the Intuit Inc. 401(k) Plan,       )
                                                )
            Plaintiff,          )
                                                )
v.                                              )    CIV. NO.: 5:23-cv-05053-PCP
                                                )
INTUIT INC., *et al.*,                          )
                                                )
            Defendant.          )
                                                )

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Action came before the Court for hearing on _____ to determine the fairness

of the proposed Settlement presented to the Court and the subject of this Court's Order Granting

Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement

Purposes, Approving Form and Manner of Settlement Notice, and Setting Date for a Fairness

Hearing.  Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and

Judgment shall have the same meanings as ascribed to them in the Settlement Agreement.

1.      The Court has jurisdiction over the subject matter of the Action and over all Settling

Parties, including all members of the Settlement Class.

2.      For the sole purpose of settling and resolving the Action, the Court certifies this

Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure.

The Settlement Class is defined as:

all persons who participated in the Plan at any time during the Class Period and had Plan expenses charged to their accounts, excluding members of the Committee, including (a) any Beneficiary of a deceased Person who (i) participated in the Plan at any time during the Class Period and had Plan expenses charged to his or her account or (ii) participated in the Plan before the Class Period and whose beneficiary had an Account in the Plan during the Class Period and had Plan expenses charged to his or her account, and (b) any Alternate Payee of (i) a Person subject to a QDRO who participated in the Plan at any time during the Class Period and had Plan expenses charged to his or her account or (ii) a Person subject to a QDRO who participated in the Plan before the Class Period whose Alternate Payee had an Account in the Plan during the Class Period and had Plan expenses charged to his or her account.

3. The Court finds for the sole purpose of settling and resolving the Action that:

(a) as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable.

(b) as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

(c) as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiff are typical of the claims of the Settlement Class that the Plaintiff seeks to certify.

(d) as required by FED. R. CIV. P. 23(a)(4), the Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiff and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiff and the Settlement Class.

(e) as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this

Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

(f)     as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

4.     The Court hereby appoints Plaintiff Deborah Rodriguez as Class Representative for the Settlement Class and Hayes Pawlenko LLP as Class Counsel for the Settlement Class.

5.     The Court hereby finds that the Settlement Class has received proper and adequate notice of the Settlement, the Fairness Hearing, Class Counsel's application for attorneys' fees and reimbursement of litigation costs and for Case Contribution Award to the Plaintiff, and the Plan of Allocation, such notice having been given in accordance with the Preliminary Approval Order. Such notice included individual notice to all members of the Settlement Class who could be identified through reasonable efforts, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice constitutes the best notice practicable under the circumstances and fully satisfies the requirements of FED. R. CIV. P. 23 and the requirements of due process.

6.     The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.      Pursuant to FED. R. CIV. P. 23(e), the Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable and adequate to the Plan and the Settlement Class, and more particularly finds that:

(a)      The Settlement was negotiated vigorously and at arm's-length, under the auspices of the Mediator, by Defendant Intuit Inc. (on behalf of all Defendants) and Defense Counsel, on the one hand, and the Plaintiff and Class Counsel on behalf of the Settlement Class, on the other hand;

(b)      Plaintiff and Defendants had sufficient information to evaluate the settlement value of the Action;

(c)      If the Settlement had not been achieved, Plaintiff and the Settlement Class faced the expense, risk, and uncertainty of extended litigation;

(d)      The amount of the Settlement – one million nine-hundred and ninety-five thousand dollars ($1.995,000.00) – is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.  The method of distributing the Class Settlement Amount is efficient and requires no filing of claims.  The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv).  The Class Settlement Amount is within the range of settlement values obtained in similar cases;

(e)      At all times, the Plaintiff and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

(f)      The Court has duly considered and overruled any filed objection(s) to the Settlement to the extent there were any.

8.    The Plan of Allocation is finally approved as fair, reasonable, and adequate.  The Settlement Administrator shall distribute the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.  The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member in accordance with the Plan of Allocation approved by the Court.

9.    All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711, et seq., have been met.

10.    The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Article 8 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Settlement Effective Date.  Accordingly, the Court orders that, as of the Settlement Effective Date, Plaintiff, individually and in her capacity as Settlement Class Representative, and the Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys), and the Plan, hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Released Parties (including Defendants) from all Released Claims, regardless of whether or not such Class Member may discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims and regardless of whether such Class Member receives a monetary benefit from the Settlement, actually received the Settlement Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Member have been approved or allowed.

11.    With respect to the Released Clams, Plaintiff, individually and in her capacity as Settlement Class Representative, each Class Member, and the Plan hereby settle, release, relinquish, waive, and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that if known by him or her would have materially affected his or her settlement with the debtor or released party."  With respect to the Released Claims, the Plaintiff, individually and in her capacity as Settlement Class Representative, each Class Member, and the Plan, also hereby waive any and all provisions, rights and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

12.    The Plaintiff, individually and in her capacity as Settlement Class Representative, and the Class Members, and the Plan, are hereby permanently and finally barred and enjoined from suing the Released Parties in any action or proceeding alleging any of the Released Claims.

13.    Plaintiff, the Class Members, and the Plan, hereby release the Released Parties, Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

14.    The operative complaint and all claims asserted therein in the Action are hereby dismissed with prejudice and without costs to any of the Settling Parties and Released Parties other than as provided for in the Settlement Agreement.

15.    The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Plan of Allocation, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.  The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and costs, and the Case Contribution Award to the Plaintiff, submitted pursuant to the Settlement Agreement.

16.    Any motion to enforce this Final Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Order or Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17.    In the event that the Settlement Agreement is terminated, in accordance with its terms, this Final Order and Judgment shall be rendered null and void, ab initio, and shall be vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the day the Settlement was reached.  The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

18.    With respect to any matters that arise concerning the implementation of distributions to Class Members who have an Active Account (after allocation decisions have been made by the Settlement Administrator in its sole discretion), all questions not resolved by the Settlement Agreement shall be resolved by the Plan administrator or other fiduciaries of the Plan, in accordance with applicable law and the governing terms of the Plan.

19.    Within twenty-one (21) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who received a settlement payment or contribution from the Qualified Settlement Fund and the amount of such payment or contribution.

20.    Upon entry of this Order, all Settling Parties shall be bound by the Settlement Agreement and this Final Order and Judgment.


SO ORDERED this _____ day of _____, 2025.




_____
Hon. P. Casey Pitts
United States District Judge

# EXHIBIT E

[DATE]

**VIA FEDERAL EXPRESS**

[Name]
[Department]
[Address]

Re:    *Rodriguez. v. Intuit Inc. et al.*,
       Case No. 5:23-cv-05053
       <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear [Sir/Madam]:

Defendants Intuit Inc. and the Employee Benefits Administrative Committee of the Intuit Inc. 401(k) Plan (collectively, "Defendants") hereby provide this Notice of a Proposed Class Action Settlement in the above-referenced matter pursuant to the Class Action Fairness Act of 2005 ("CAFA").

In accordance with its obligations under CAFA, Defendants enclose the following:

**(1)    The Complaint, any materials filed with the Complaint, and any Amended Complaints.**

Plaintiff's Complaint, as filed in *Rodriguez v. Intuit Inc. et al.*, Case No. 5:23-cv-05053, can be found on the enclosed USB drive as "Exhibit 1 – Complaint."

**(2)    Notice of any scheduled judicial hearing in the class action.**

The Court has not yet scheduled a hearing to consider preliminary approval of the settlement or a final fairness hearing regarding the settlement.  If and when the Court schedules any such hearings, the dates of those hearings and other relevant information can be found via PACER as follows: (1) enter PACER through https://ecf.cand.uscourts.gov/cgi-bin/login.pl, (2) click on "Query," (3) enter the civil case number, 5:23-cv-05053, (4) click on "Run Query," and (5) click on the link "Docket Report." Information regarding any such hearings will be found on the docket.

**(3)    Any proposed or final notification to class members.**

The proposed Notice of Class Action Settlement as submitted to the Court can be found on the enclosed USB drive as "Exhibit 2 – Notice of Class Action Settlement."

**(4)    Any proposed or final class action settlement.**

The Settlement Agreement entered into by the parties (including Exhibits A-E) and as submitted to the Court can be found on the enclosed USB drive as "Exhibit 3 – Settlement Agreement."

There are no other agreements contemporaneously made between Class Counsel and counsel for the Defendants.

**(5)     A final judgment or notice of dismissal.**

Final judgment has not yet been entered.  Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed online through the process described in section (2) above.

**(6)     Number of class members who reside in each state.**

On the enclosed USB drive is a table providing a reasonable estimate of the number of Class Members residing in each state.  The specific settlement allocation to each Class Member will be determined by the Settlement Administrator pursuant to the Plan of Allocation to be approved by the Court.  The proposed Plan of Allocation appears as Exhibit B to the Settlement Agreement. We do not yet know which Class Members will receive settlement proceeds or how much each Class Member will receive, and it is not feasible to determine the estimated proportionate share of the entire settlement of the claims of the Class Members who reside in each state.  Upon final approval of the settlement by the court, settlement proceeds will be distributed among the Class Members according to the Plan of Allocation as set forth in the Settlement Agreement.

**(7)     Any written judicial opinion relating to the materials described in (3) through (5).**

The Court has not yet entered an order granting preliminary approval to the settlement and has not issued any other decisions relating to the materials described in this correspondence.

Upon entry, a copy of any such order or decision can be accessed via PACER using the process described in section (2) above.

Final judgment has not yet been entered.  Upon entry, a copy of said judgment can be can be accessed via PACER using the process described in section (2) above.

If you have questions about this notice, the lawsuit, or the enclosed materials, please do not hesitate to contact me.

Sincerely,


Nicholas Pastan, Esq.


Enclosures
- USB drive