# EXHIBIT 1

**DECLARATION OF MATTHEW B. HAYES**

I, MATTHEW B. HAYES, declare as follows:

1. I am an attorney licensed to practice before this Court. My law partner, Kye D. Pawlenko, and I are counsel of record in this lawsuit for Plaintiff Deborah Rodriguez ("Plaintiff"). I have personal knowledge of the facts set forth herein based on the investigation and discovery conducted in this case, and could and would testify competently thereto if called as a witness.

2. My office has litigated this lawsuit on a purely contingency basis. As detailed below, over the past two years my firm has advanced over 800 hours of attorney time and over $17,000 in expenses with no assurance of receiving any compensation for our time or reimbursement of our costs.

**Qualification, Experience, and Applicable Hourly Rates**

3. I have been practicing law for 24 years and Mr. Pawlenko has been practicing law for 23 years.

4. After graduating from UCLA School of Law in 2001, I completed a one-year judicial clerkship with Justice Alex Bryner of the Alaska Supreme Court.

5. Prior to starting my own law firm in 2011, I practiced employment defense at Latham & Watkins, Littler Mendelson, and Greenberg Traurig, where I handled, among other matters, ERISA compliance and litigation. Since opening my own law firm over fourteen years ago, I have represented employees in ERISA litigation as well as numerous other types of employment litigation.

6. Mr. Pawlenko graduated magna cum laude from Tulane University School of Law in 2002 and earned an LL.M in Labor & Employment Law from New York University School of Law in 2005. Mr. Pawlenko clerked for Judge Rosemary M. Collyer of the United States District Court for the District of Columbia, where he worked on multiple ERISA cases.

1

DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

7. Prior to forming Hayes Pawlenko LLP in 2012, Mr. Pawlenko practiced at Latham & Watkins, Jones Day, and the National Labor Relations Board. While at Latham & Watkins, Mr. Pawlenko handled ERISA matters.

8. My partner and I have successfully handled representative ERISA litigation through judgment on behalf of plan participants, *see Villalobos v. Downey Griding Co.,* 2021 6068828, at *1-*2 (C.D. Nov. 18, 2021) (awarding damages to the plan and its participants after finding ERISA violations), and are currently lead counsel in numerous ERISA representative and/or class actions concerning the allocation of forfeitures, a novel legal issue pioneered by our firm, *see Dimou v. Thermo Fisher Scientific Inc., et al.,* U.S. Dist. Ct. S.D. Cal. Case No. 3:23-cv-1732-BJC-JLB (filed Sept. 19, 2023); *Perez-Cruet v. Qualcomm Incorporated, et al.,* U.S. Dist. Ct. S.D. Cal. Case No. 3:23-cv-01890-AGS-MMP (filed Oct. 16, 2023); *McManus v. The Clorox Co., et al.,* U.S. Dist. Ct. N.D. Cal. Case No. 4:23-cv-05325-YGR (filed Oct. 18, 2023); *Hutchins v. HP Inc.,* U.S. Dist. Ct. N.D. Cal. Case No. 5:23-cv-05875-BLF (Nov. 14, 2023); *Barragan v. Honeywell Int'l Inc., et al.,* U.S. Dist. Ct. N.D. Cal. Case No. 2:24-cv-04529-ER-JRA (filed Feb. 13, 2024); *Prattico v. Mattel, Inc.,* U.S. Dist. Ct. C.D. Cal. Case No. 2:24-cv-02624-FMO-JPR (filed Apr. 1, 2024); *Cain v. Siemens Corp.*, U.S. Dist. Ct. D.N.J. Case No. 2:24-cv-08730-CCC-MAH (filed Aug. 23, 2024); *Mowry v. Albertsons Co., Inc.,* U.S. Dist. Ct. Dist. Idaho Case No. 1:25-cv-00062 (filed Oct. 21, 2024).

9. My partner and I have secured orders granting class certification and appointing us as class counsel for employees in numerous <u>contested</u> motions for class certification in federal and state courts throughout California, including in *Stickles v. Atria Senior Living, Inc.,* 2021 WL 6117702 (N.D. Cal. Dec. 27, 2021); *Dalchau v. Fastaff, LLC,* 2018 WL 1709925 (N.D. Cal. Apr. 9, 2018); *Howell v. Advantage RN, LLC*, 2018 WL 3437123 (S.D. Cal. July 17, 2018); *Clarke v. AMN Services, LLC,* 2017 WL 6942755 (C.D. Cal. Oct. 12, 2017); *Wright v. Renzenberger, Inc.,* 2017 WL 9831398 (C.D. Cal. Sept. 30, 2017); *Taylor v. Shippers Transp. Express, Inc.,* 2014

2
DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

WL 12347060 (C.D. Cal. Mar. 10, 2014); *Kaanaana, et al. v. Barrett Business Services, Inc. et al.*, Los Angeles Superior Court Case No. BC496090; *Simpson v. Prometheus Global Media, LCC*, Los Angeles Superior Court Case No. BC 522638; *Rojas v. Rice Field Corp., et al.*, Los Angeles Superior Court Case No. BC549935; *Mata v. Regency Park Senior Living, Inc.*, Los Angeles Superior Court Case No. BC493461; *Salupen, et al. v. Dupont Residential Care, Inc., et al.*, Orange County Superior Court Case No. 30-2014-00725300-CU-OE-CXC; *Colleran v. Sharp Medical Staffing, LLC,* Alameda Superior Court Case No. 22CV014447.

10. Mr. Pawlenko and I have also successfully litigated a class action through trial and secured appellate rulings in favor of certified employee classes from both the California Supreme Court and the Ninth Circuit. *See Kaanaana v. Barrett Business Servs., Inc.,* 11 Cal. 5th 158 (2021) (holding, in post-trial appeal, that certified class of belt sorters at county refuse facilities were entitled to prevailing wage rates); *Clarke v. AMN Servs., LLC,* 987 F.3d 848 (9th Cir. 2021) (reversing trial court order granting summary judgment in favor of employer and remanding with instruction to grant partial summary judgment in favor of certified class of employees in overtime action). The *Clarke* action ultimately resulted in a settlement of $59.99 million for a class of 10,269 individuals.

11. Mr. Pawlenko and I have likewise secured summary judgment rulings in favor of multiple certified classes. *See  Stickles v. Atria Senior Living, Inc.,* 642 F. Supp. 3d 1104 (N.D. Cal. 2022); *Carlino v. CHG Medical Staffing, Inc.,* 460 F. Supp. 3d 959 (E.D. Cal. 2020); *Musgrove v. Jackson Nurse Professionals, LLC,* 2020 WL 6804510 (C.D. Cal. Sept. 27, 2020); *Howell v. Advantage RN, LLC,* 401 F. Supp. 3d 1078 (S.D. Cal. 2019); *Dittman v. Medical Solutions, L.L.C.*, 2019 WL 4302752 (E.D. Cal. Sept. 11, 2019); *Wright v. Renzenberger, Inc.*, 2018 WL 1975076 (C.D. Cal. Mar. 8, 2018); *Taylor v. Shippers Transport Exp., Inc.*, 2014 WL 7499046 (C.D. Cal. Sept. 30, 2014).

12. For purposes of performing a lodestar cross-check in connection with the present attorney fee application, we are requesting the rate of $700 per hour for my time and $650 per hour for Mr. Pawlenko's time.

13. In 2021, *four years ago*, this district specifically found "hourly rates" of $650 for myself and $600 for Mr. Pawlenko to be "commensurate with [our] experience and with the legal market in this district" at that time. *Hubbard v. RCM Technologies (USA), Inc.,* 2021 WL 5016058, * 5 (N.D. Cal. Oct. 28, 2021) (Gonzalez Rogers, J.); *see also, e.g., Taylor v. Shippers Transport Express, Inc.,* U.S. Dist. Court, Central District CA Case No. 2:13-cv-02092-BRO-PLA (utilizing rates of $650 and $600 for me and Mr. Pawlenko, respectively, for lodestar cross-check); *Dalchau v. Fastaff, LLC, et al.,* U.S. Dist. Court, Northern District CA Case No. 3:17-cv-01584-WHO (same); *Howell v. Advantage RN, LLC,* U.S. Dist. Court, Southern District CA Case No. 17cv883-JLS (same); *Pruitt v. Trustaff Travel Nurses, LLC,* Contra Costa County Superior Court Case No. C17-01930 (same); *Benn, et al. v. Grifols Biologicals, Inc.,* Los Angeles County Superior Court Case No. BC 638756 (same); *Iglesias v. Ken's Spray Equipment, Inc.*, Los Angeles County Superior Court Case No. BC552162 (same); *Howard v. Total Safety U.S., Inc., et al.,* Los Angeles County Superior Court Case No. BC502752 (same); *Salcido v. West Coast Arborists, Inc.,* Los Angeles County Superior Court Case No. BC540178 (same); *Mata v. Regency Park Senior Living, Inc.*, Los Angeles County Superior Court Case No. 493461 (same); *Salupen, et al. v. Dupont Residential Care, Inc., et al.,* Orange County Superior Court Case No. 30-2014-00725300 (same).

14. The currently requested rates represent an increase of just $50 per attorney (under 8%) from the rates approved in 2021 to account for an additional four years of experience and inflation.

15. Attached hereto as Exhibit 4 is a true and correct copy of an excerpt from the 2024 Real Rate Report: An Analysis of Law Firm Rates, Trends, and Practices, Wolters Kluwer (2024 ed.).

4
DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

**Hours Worked on Behalf of the Class**

16. Throughout this litigation, my firm has kept contemporaneous records of hours worked and tasks performed. My office utilized "Time59" billing software to record hours worked. Submitted herewith as Exhibit 3 are both a total hours summary report and daily time records generated by "Time59."

17. My firm has, to date, expended a total of 818.80 attorney hours litigating the present lawsuit, including 527.60 hours worked by me and 291.20 hours worked by Mr. Pawlenko. This figure excludes time spent preparing the present motion. This figure also does not include the additional time that will be incurred in responding to class inquiries regarding the settlement over the next two months, moving for final approval of the settlement, and attending the final approval hearing, which will likely entail at least an additional 25 hours of attorney time.

18. As further detailed in the daily time records submitted as Exhibit 3, the attorney time dedicated to litigating this action over the past two years has included, among other things, preparation of pleadings, extensive research into novel legal issues, successfully opposing a motion to dismiss, conducting extensive written discovery, meeting and conferring about discovery disputes, analyzing over 7,000 pages of discovery documents, attending court hearings, preparing mediation briefing and damage models, participating in mediation sessions, protracted settlement negotiations, and moving for approval of the settlement.

**Lodestar Cross-Check and Multiplier**

19. Multiplying the attorney hours worked, to date, on behalf of the class by the applicable hourly rates results in the following unadorned lodestar for my law firm:

| Attorney | Hourly Rate | Hours | Amount |
|---|---|---|---|
| Matthew B. Hayes | $700 | 527.60 | $369,320 |
| Kye D. Pawlenko | $650 | 291.20 | $189,280 |
| **Total:** | | **818.80** | **$558,600** |

5

DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

20. My law firm is seeking an attorney fee award of $647,155.64, which requires a multiplier of less than 1.16 to the above lodestar.

21. I respectfully submit that a fee award amounting to just under one third (1/3) of the gross settlement amount and a multiplier of less than 1.16 to my law firm's lodestar is reasonable based on multiple factors.

22. *First*, the Settlement achieved a substantial benefit for the class. The Settlement recovers approximately 63% of the Plan expenses charged to participants that Plaintiff alleges should have been paid with forfeitures. Dkt. 1 (Compl. ¶¶ 21-24). All individuals who participated in the Plan and had Plan expenses charged to their accounts during the class period will automatically receive a payment without having to make a claim. Dkt. 76-3 (Settlement, Exh. B – Plan of Allocation).

23. *Second,* the recovery of $1,995,000 for the class was secured despite significant risks. Plaintiff's theory of recovery – that forfeitures should have been used to cover Plan expenses rather than offset employer contributions – is based on "a novel interpretation of ERISA on which there is no binding authority." *McManus v. Clorox Co.*, 2025 WL 732087, * 1 (N.D. Cal. Mar. 3, 2025). As detailed in the brief filed concurrently herewith, the majority of district courts to address the theory of recovery in this action have, thus far, rejected it as a matter of law and, therefore, granted motions to dismiss the claims asserted here. An appeal to the Ninth Circuit concerning the viability of Plaintiff's theory of recovery is currently pending in *Hutchins v. HP, Inc.,* No. 25-826 (9th Cir. Feb. 7, 2025).

24. *Third,* given that this action presented novel legal issues that were vigorously contested by Defendants, I respectfully submit that a significant level of skill and extensive work were required to defeat the motion to dismiss, obtain the necessary discovery, and ultimately negotiate a favorable settlement.

25. *Fourth,* our law firm has litigated this lawsuit on a purely contingency basis for the past two years, advancing over 800 hours of attorney time with no guarantee of any recovery whatsoever.

6
DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

26.  *Finally,* as detailed in the brief filed concurrently herewith, a fee award of just under one-third of the recovery is in line with fee awards in other ERISA class actions.

27.  For all of these reasons, I respectfully submit that a fee award of $647,155.64 is reasonable in this case.

**Litigation Costs Incurred on Behalf of the Class**

28.  My office seeks reimbursement of costs from the settlement fund in the amount of $17,844.36. Submitted herewith as Exhibit 5 is a cost report breaking down the expenses incurred by my firm date.

29.  As detailed in the cost summary submitted herewith, the specific costs for which my firm is seeking reimbursement are limited filing fees, service of process fees, travel expenses, copying costs, and mediation fees. All of the claimed expenses were necessarily incurred and are of the type that are typically billed to a client.

I declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed this 15th day of September, 2025, in South Pasadena, California.

/s/Matthew B. Hayes
MATTHEW B. HAYES

7
**DECLARATION OF MATTHEW B. HAYES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**