Docusign Envelope ID: B7E0B853-8773-4FCD-9C86-4A2E7E9D3D1F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH RODRIGUEZ, individually and as a representative of a class of participants and beneficiaries on behalf of the Intuit Inc. 401(k) Plan<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., *et al.*,<br><br>Defendant. | CIV. NO.: 5:23-cv-05053-PCP |

## DECLARATION OF SETTLEMENT ADMINISTRATOR IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL

I, Jeffrey Mitchell, declare and state as follows:

1. I am currently a Project Manager for Analytics Consulting, LLC (hereinafter "Analytics"), located at 18675 Lake Drive East, Chanhassen, Minnesota, 55317. Analytics provides consulting services to the design and administration of class action and mass tort litigation settlements and notice programs. The settlements Analytics has managed over the past twenty-five years range in size from fewer than 100 class members to more than 40 million, including some of the largest and most complex notice and claims administration programs in history.

2. Analytics' clients include corporations, law firms (both plaintiff and defense), the Department of Justice, the Securities and Exchange Commission, and the Federal Trade Commission, which since 1998 has retained Analytics to administer and provide expert advice regarding notice and claims processing in their

1

settlements/distribution of funds.

3. In my capacity as Project Manager, I count among my duties responsibility for matters relating to the settlement administration for the above-captioned litigation.

4. Analytics has been engaged in this matter to provide settlement administration services, including (among other things) the mailing of the Court-approved Settlement Notices, the establishment and maintenance of a Settlement Website and telephone call center facility, and the distribution of settlement benefits to Class Members (following final approval). The total amount that Analytics is charging for its settlement administration services is $85,810.

### CAFA Notice

5. On May 23, 2025, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 171, Analytics sent CAFA Notices to the U.S. Attorney General, and the attorney generals of all States with class member residents.

### Class Notice

6. On or about September 2, 2025, Analytics received an Excel file containing class member data ("Class Data"). The Class Data included class member names, addresses, Social Security Numbers, and data on debited fees from 2018 through 2021.

7. After receiving the Class Data, Analytics imported the Clas Member records into a project-specific database and then cross-referenced the Class Member

addresses with the United States Postal Service National Change of Address database. The Class Data contained 26,018 unique Class Members.

8. On September 15, 2025, Analytics mailed by first-class mail the Court-approved Notices of Settlement ("Notice") to the 26,018 class members identified in the Class Data. A copy of the template of this Notice is attached hereto as **Exhibit 1**.

9. To date, 201 Notices to Class Members have been returned to Analytics by the U.S. Postal Service with a forwarding address. In each case, Analytics updated the class list with the forwarding address and processed a re-mail of the Notice to the updated address.

10. To date, 890 Notices were returned to Analytics by the U.S. Postal Service without a forwarding address. Analytics is currently in the process of conducting a skip trace in attempt to ascertain a valid address for each affected Class Member. Analytics will update the class list with new addresses ascertained through skip-tracing and process a re-mail of the applicable Notice to each of those addresses. Analytics will provide a declaration further updating the results of the Class Notice process in advance of the Final Approval Hearing.

### Settlement Website and Telephone Information Line

11. Beginning on or before September 15, 2025, to the present, Analytics has maintained a Settlement Website relating to this action. The internet address for this Settlement Website is www.intuit401ksettlement.com and was referenced in the Notice.

12. Beginning on or before September 15, 2025, to the present, Analytics

Docusign Envelope ID: B7E0B853-8773-4FCD-9C86-4A2E7E9D3D1F

has also maintained a toll-free telephone support line as a resource for Class Members seeking information about the Settlement. The toll-free telephone line employs an interactive voice response system ("IVR system") to answer calls and provides callers the option of speaking with a live operator if they prefer. The toll-free number for the telephone support line is 1-877-909-5621 and was referenced in the Notice and on the Settlement Website.

## No Objections

13. The deadline to object is October 30, 2025. As of the date of this Declaration, I am not aware of any objections. Analytics will provide a further declaration regarding the status of objections once the objection deadline expires.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.
Dated October 10, 2025

                                                *DocuSigned by: Jeff Mitchell*
                                                13EC110C92464EC...
                                                Jeffrey Mitchell

Docusign Envelope ID: B7E0B853-8773-4FCD-9C86-4A2E7E9D3D1F

**EXHIBIT 1**

# NOTICE OF CLASS ACTION SETTLEMENT

*A Federal Court has authorized this Notice. You are not being sued.*
*This is not a solicitation from a lawyer.*

ABC1234567890                                    Claim Number: 1111111



JOHN Q CLASSMEMBER
123 MAIN ST
APT 1
ANYTOWN, ST 12345

This is a notice of Settlement for the Class Action titled:

*Deborah Rodriguez v. Intuit Inc. et al.*
United States District Court for the District of Northern California
Case No. 5:23-cv-05053-PCP

**To:** All participants and beneficiaries in the Intuit Inc. 401(k) Plan from January 1, 2018 through December 31, 2021 who had Plan expenses charged to their accounts

**Please read this Notice carefully. It provides important information about your legal rights and obligations under an agreement to settle a class action lawsuit.**

## WHY IT IS IMPORTANT TO READ THIS NOTICE

Judge Casey Pitts of the United State District Court of the Northern District of California (the "Court") has preliminarily approved a class action settlement (the "Settlement") of all claims that were or could have been asserted based on the facts alleged in the lawsuit titled *Rodriguez v. Intuit Inc. et al.*, Case No. 5:23-cv-05053 (N.D. Cal.) (the "Action").

The Settlement affects all participants and beneficiaries in the Intuit Inc. 401(k) Plan (the "Plan") from January 1, 2018 through December 31, 2021 (the "Class Period") who had Plan expenses charged to their accounts ("Class Members").

You have received this Notice of Settlement because the Plan's records show that you are a Class Member.

This Notice of Settlement provides you with a description of the Action, informs you of the key terms of the proposed Settlement, and discusses your rights under the Settlement.

*It is important that you read this Notice of Settlement carefully as your rights will be affected by the Settlement.*

| SUMMARY OF YOUR OPTIONS AND RIGHTS UNDER THE SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | **You don't need to do anything to participate in this Settlement.** If you do nothing, you will automatically participate in the Settlement and receive a share of the Settlement money, and you will release the claims described below in Section V of the portion of this Notice titled "Summary of the Terms of the Settlement." |
| **YOU CAN OBJECT BY OCTOBER 30, 2025.** | **Submit a written objection to the Court.**<br><br>If you disagree with the proposed Settlement, Class Counsel's request for attorneys' fees and litigation expenses, or the proposed compensation to Plaintiff, you may submit an objection to the Court. If the Court agrees with your objection, the parties can choose whether to withdraw the Settlement or change its terms. If the Court rejects your objection and the Settlement receives final approval, you will still be bound by the Settlement, will receive a settlement payment, and you will release the claims described below in Section V of the portion of this Notice titled "Summary of the Terms of the Settlement."<br><br>**Instructions for submitting an objection are provided below in Section III of the portion of this Notice titled "Your Rights and Options Regarding This Class Action Settlement."** |
| **HOW SETTLEMENT PAYMENTS WILL BE DISTRIBUTED** | Class members who currently have Intuit 401(k) Plan accounts will receive their settlement payment through a contribution allocated into their existing Plan account. Class members who no longer have an Intuit 401(k) account will receive their settlement payment directly by check by the Settlement Administrator (defined below). |

## WHAT THIS ACTION AND SETTLEMENT IS ABOUT

A class action is a lawsuit where one or more plaintiffs brings claims on behalf of many people to be decided in a single court proceeding.

Plaintiff Deborah Rodriguez ("Rodriguez" or "Plaintiff") is a former employee who was a participant in the Plan during the Class Period. Rodriguez filed this lawsuit against Intuit Inc. and the Employee Benefits Administrative Committee of the Plan (the "Committee") on October 2, 2023, alleging claims under the Employee Retirement Income Security Act ("ERISA") that Intuit (1) breached fiduciary duties owed to participants and beneficiaries of the Plan; (2) violated ERISA's anti-inurement provision; and (3) engaged in "prohibited transactions," by using forfeited, non-vested employer matching 401(k) contributions to offset future employer matching 401(k) contributions.

Intuit denies Rodriguez's claims, but agreed to attend a mediation with Rodriguez in January 2025 to see if the case could be resolved without the continued expense and burden of prolonged litigation. The Parties conducted detailed, arms-length negotiations facilitated by an experienced mediator and retired Magistrate Judge Morton Denlow of JAMS during a full-day mediation on January 28, 2025.

This Settlement is not an admission of any wrongdoing by Intuit or an indication that Intuit violated any law. Intuit believes Rodriguez's claims are without merit and denies all of the allegations of wrongdoing and liability. Intuit believes it has at all times complied with ERISA and applicable laws, and has administered the Plan properly, prudently, and in the best interests of Plan participants. Intuit, believes however, that further litigation would be protracted, burdensome, and expensive.

The Court did not decide in favor of Rodriguez or Intuit. There was no trial. Instead, both sides agreed to a no-fault resolution of the Action. The Settlement is intended to allow the Parties to avoid the costs and burden of further litigation and a trial, while allowing Class Members to receive payments from the Settlement as specified below.

Rodriguez and her attorneys, who were preliminarily appointed as representatives for the Class, believe the Settlement is in the best interests of all Class Members.

## SUMMARY OF THE TERMS OF THE SETTLEMENT

**I. The Total Settlement Amount**

The total value of the Settlement (the "Gross Settlement Amount") is One Million Nine-Hundred and Ninety-Five Thousand Dollars ($1,995,000), which is the amount that Intuit will pay in order to settle the Action. The Gross Settlement Amount will be distributed as follows:

Attorneys' Fees and Costs Award:
Plaintiff's attorneys ("Class Counsel") will request attorneys' fees and costs of up to one-third (1/3) of the Gross Settlement Amount, or $665,000 ("Attorneys Fees and Costs"). All attorneys' fees or litigation costs will be paid from the Gross Settlement Amount. The Attorneys Fees and Costs Award must be approved by the Court. Any Attorneys Fees and Costs that are requested and not awarded by the Court will be included in the Net Settlement Amount (defined below) and distributed to Class Members.

Plaintiff's Case Contribution Award:
Rodriguez will request a Case Contribution Award (*i.e.*, payment for service as a named Plaintiff and in consideration of her agreeing to a release of all claims) in an amount not to exceed $5,000. The requested Case Contribution Award is subject to approval from the Court and will be paid from the Gross Settlement Amount. Any Case Contribution Award requested but not awarded by the Court will be included in the Net Settlement Amount (defined below) and distributed to Class Members.

Costs of Administration:
The Court has approved Analytics Consulting, LLC (the "Settlement Administrator") to administer this Settlement. The cost of administration will be paid entirely from the Gross Settlement Amount subject to Court approval and shall not exceed $90,000. Settlement administration costs include, but are not limited to, the cost of providing this notice to Class Members, executing the Plan of Allocation, establishing the Settlement Website, managing the Qualified Settlement Fund, making Individual Settlement Payments, paying required taxes, and addressing Class Member questions. Settlement administration costs also include the cost of providing a notice to state and federal officials under the Class Action Fairness Act, and costs incurred by the Plan's recordkeeper to provide data to implement the Plan of Allocation and make payments to Class Members with Intuit 401(k) accounts. Any settlement administration costs not awarded by the Court, or any settlement administration costs awarded by the Court but not spent by the Settlement Administrator, will be included in the Net Settlement Amount (defined below) and will be distributed to Class Members.

Recordkeeper Expenses:
The Settlement requires the Plan's recordkeeper to gather and provide the Settlement Administrator with the information and data necessary to provide notice of the Settlement to the Class Members, calculate their Individual Settlement Payments, and assist with executing the Plan of Allocation. Costs associated with the Recordkeeper performing its responsibilities under the Settlement will be deducted from the Gross Settlement Amount if approved by the Court and shall not exceed $15,000. Any recordkeeper costs not awarded by the Court and any recordkeeper costs awarded by the Court but not spent with respect to the recordkeeper's services will be included in the Net Settlement Amount and will be distributed to Class Members.

Independent Fiduciary Expenses:
The Settlement requires approval by an independent fiduciary, who will review the Settlement to assess whether it is fair and adequate. Costs associated with the review and approval by the independent fiduciary will be deducted from the Gross Settlement Amount if approved by the Court and shall not exceed $25,000. Any independent fiduciary costs not awarded by the Court and any independent fiduciary costs awarded by the Court but not spent with respect to the independent fiduciary's services will be included in the Net Settlement Amount and will be distributed to Class Members.

Individual Settlement Payments:
Individual Settlement Payments will be paid from the "Net Settlement Amount," which is the amount of the Gross Settlement Amount remaining after payment of the Court-approved expenses described above, which are: (1) Class Counsel's Attorneys Fees and Costs Award; (2) Plaintiff's Case Contribution Award; (3) Costs of Administration; (4) Recordkeeper Expenses; and (5) Independent Fiduciary Expenses.

The Net Settlement Amount will be paid to Class Members in the form of Individual Settlement Payments according to the approved Plan of Allocation, if and when the Court enters an order finally approving the Settlement.

## II. Calculation of Individual Settlement Payments

Class Members will receive their Individual Settlement Payment based on the Plan of Allocation, which is included in the Settlement Agreement and must be approved by the Court. The Plan of Allocation describes how each Class Member's Settlement Payment will be calculated.

To determine a Class Member's Individual Settlement Payment under the Plan of Allocation, the Settlement Administrator will first calculate the total amount of Plan recordkeeping fees that were deducted from the Plan account of the Class Member during the Class Period (the Class Member's "Expense Balance").

Then the Settlement Administrator will add up the total amount of Plan recordkeeping fees that were deducted from the Plan accounts of all Class Members during the Class Period in order to determine the percentage of the total Plan recordkeeping fees attributable to each Class Member during the class period (*i.e.* where the numerator is the Class Member's Expense Balance and the denominator is the sum of all Class Members' Expense Balances). This is referred to as the Class Member's "Pro Rata Percentage."

Finally, the Settlement Administrator will multiply the Pro Rata Percentage by the Net Settlement Amount to determine each Class Member's Individual Settlement Payment. Class Members who are the beneficiary of an individual who was a participant in the Plan during the Class Period will receive an Individual Settlement Payment based on the participant's Pro Rata Percentage.

The full Plan of Allocation, including the details for each step that the Settlement Administrator will follow to calculate the Settlement payments, is available on the website for the Settlement (the "Settlement Website"), at www.Intuit401kSettlement.com.

The total amount of payments to Settlement Class Members may not exceed the Net Settlement Amount.

## III. How Class Members Will Receive Individual Settlement Payments

If you are a Class Member and are either a **Current or Former Participant with an Intuit 401(k) account**, your payment will be made automatically into your Plan account and invested in accordance with your investment elections then on file with the Plan recordkeeper for new contributions.

If you are a Settlement Class Member and a **Former Participant who no longer has an Intuit 401(k) account**, your payment will be made via check. Checks must be cashed within 180 days. On the 181st day, checks are void and uncashed funds will be paid to the Plan for the purpose of reducing administrative fees and expenses of the Plan.

## IV. Timing of Individual Settlement Payments

It is hard to say when you may receive your share of the Net Settlement Amount. The Court must approve the Settlement and there may be appeals. We do not know how long this may take. Please visit www.Intuit401kSettlement.com for updated information.

Please note: There will be no payments issued if the Settlement is terminated. The Settlement may be terminated on several grounds, described in the Settlement Agreement. In the event any of these conditions occur, there will be no Settlement payment made, and the litigation will resume.

## V. Release of Claims by Class Members

If the Court grants final approval of the Settlement, a final order and judgment dismissing the case will be entered in the Action. Payments under the Settlement will then be calculated and distributed.

If the Settlement is approved, no Class Member will be permitted to assert any Released Claims in any other litigation against Intuit, or any other Released Party.

### A. Released Parties

In exchange for the benefits provided by the Settlement Agreement, Class Members will release (a) Intuit and the Committee (collectively, "Defendants") (b) Defendants' insurers, co-insurers, and reinsurers; (c) Defendants' direct and indirect past, present, and future affiliates, parents, subsidiaries, divisions, joint ventures, predecessors, successors, Successors-In-Interest, assigns, boards of trustees, boards of directors, officers, trustees, directors, partners, agents, managers, members, employees, or heirs (including any individuals who serve or served in any of the foregoing capacities, such as members of the boards

of trustees or boards of directors that are associated with any of Defendants' past, present, and future affiliates), and each Person that controls, is controlled by, or is under common control with them; (d) the Plan and any successor plans; the Plan's current and past fiduciaries, committees, subcommittees, administrators, plan administrators, recordkeepers, service providers, consultants, attorneys, agents, insurers, and parties-in-interest; and (e) Defendants' independent contractors, Representatives, attorneys, administrators, insurers, fiduciaries, accountants, auditors, advisors, consultants, personal representatives, spouses, heirs, executors, administrators, associates, employee benefit plan fiduciaries, employee benefit plan administrators, employee benefit plan committees and subcommittees, service providers to the Plan (including their owners and employees), members of their immediate families, consultants, subcontractors, and all persons acting under, by, through, or in concert with any of them from the Released Claims (defined below).

## B. Released Claims

"Released Claims" means any and all past, present, and future actual or potential claims (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), actions, demands, rights, obligations, liabilities, expenses, costs, and causes of action that were asserted in the Action or that could have been asserted based on any of the allegations, acts, omissions, facts, matters, transactions, or occurrences that were alleged, asserted, or set forth in the Complaint, whether accrued or not, whether arising under federal, state, or local law, whether by statute, contract, or equity, whether brought in an individual or representative capacity, whether known or unknown, suspected or unsuspected, foreseen or unforeseen based in whole or in part on acts or failures to act, including but not limited to:

> Claims that relate to (a) the use of forfeitures; (b) disclosures or failures to disclose information regarding the Plan's use of forfeitures; (c) the management, oversight, or administration of the Plan or its fiduciaries with respect to the use of forfeitures; or (d) alleged breach of the duty of loyalty, care, prudence, or any other fiduciary duties, prohibited transactions, anti-inurement, or any other violation of ERISA or any other law or regulation with respect to the use of forfeitures; or

> Claims that relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Qualified Settlement Fund to the Plan or to any Class Member in accordance with the Plan of Allocation or the payment of any fee or expense in accordance with the Settlement Agreement; or

> Claims that relate to the approval by the Independent Fiduciary of the Settlement. However, the Settlement Agreement does not preclude claims brought against the Independent Fiduciary alone for the work it performs under the Settlement Agreement.

> The Released Claims also include a waiver of the provisions, rights and benefits of Section 1542 of the California Civil Code ("Section 1542") as to above-described Released Claims only. Section 1542 provides:

>> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

## YOUR RIGHTS AND OPTIONS REGARDING THIS CLASS ACTION SETTLEMENT

### I. You Do Not Need to Do Anything to Participate in this Settlement.

If the Settlement becomes binding and you do nothing, you will receive an Individual Settlement Payment. The amount of the Individual Settlement Payment will depend, in part, on the amounts approved by the Court and will be calculated based on the Individual Settlement Payment calculation described above. If you do nothing, you will also be bound by the Settlement and you will release all claims related to the allegations in the Action as explained in the "Release of Claims by Participating Class Members" section above.

### II. You Cannot Opt Out of the Settlement

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement. If the Court approves the Settlement, it will do so on behalf of a "mandatory" class under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the

Settlement Class. However, although you cannot opt out of the Settlement, you can notify the Court of any objection you might have to the Settlement, as described below (*see* Section III).

**III. You Can Object to the Settlement**

You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number (*Deborah Rodriguez. v. Intuit Inc. et al.,* Case No. 5:23-cv-05053), (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Clerk for the Court at the address below, with copies mailed to Class Counsel and Intuit's Counsel at their respective addresses below, and (c) be filed and postmarked on or before October 30, 2025.

| **Court** | **Class Counsel** | **Intuit's Counsel** |
|---|---|---|
| Mark B. Busby<br>Clerk of the Court<br>450 Golden Gate Ave.<br>San Francisco, CA 94102<br>Re: *Deborah Rodriguez. v. Intuit Inc. et al.*, Case No. 5:23-cv-05053 (Northern District of California) | Matthew B. Hayes<br>Hayes Pawlenko LLP<br>1414 Fair Oaks Avenue<br>Unit 2B<br>South Pasadena, CA 91030 | Sarah Adams<br>Groom Law Group, Chartered<br>1701 Pennsylvania Ave., NW, Suite 1200<br>Washington, DC 20006<br><br>Lindsey Barnhart<br>COVINGTON & BURLING LLP<br>3000 El Camino Real<br>Palo Alto, CA 94306 |

## NEXT STEPS

**I. The Court's Final Approval Hearing**

The Court will hold a Final Approval Hearing on November 13, 2025 at 10:00 a.m., before the Honorable Casey Pitts at the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113-3002 to consider the fairness, adequacy and reasonableness of the proposed settlement, including without limitation: Class Counsel's Attorneys Fees and Costs Award, Plaintiff's Case Contribution Award, and Settlement administration costs. If there are objections, the Court will consider them—but you do not need to attend the Final Approval Hearing to have the Court consider an objection.

The Court may reschedule the Final Approval Hearing without further notice to Class Members. The Court may also choose to conduct the Final Approval Hearing via conference call or other remote means. You will not receive a separate notice, but any such changes will be posted on the Settlement Website, at www.Intuit401kSettlement.com.

**II. How to Obtain Additional Information**

This notice summarizes the proposed Settlement. For the precise terms of the Settlement, please see the settlement agreement available at www.Intuit401kSettlement.com, by contacting class counsel at 626.808.4357, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**